IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1998 SESSION



**FILED**

**September 10, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9708-CR-00370 |
| | ) | |
| | ) | Sullivan County |
| v. | ) | |
| | ) | Honorable R. Jerry Beck, Judge |
| | ) | |
| BOBBY W. CANTER, | ) | (Denial of probation) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Stephen M. Wallace
District Public Defender
    and
Gale K. Flanary
Assistant Public Defender
P.O. Box 839
Blountville, TN 37617

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
    and
Clinton J. Morgan
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General
    and
Teresa Murray Smith
Greg Newman
Assistant District Attorneys General
P.O. Box 526
Blountville, TN 37617

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Bobby W. Canter, appeals as of right from the denial of probation by the Sullivan County Criminal Court. Pursuant to a plea agreement, the defendant pled guilty to the attempt to commit aggravated sexual battery, a Class C felony, and was sentenced to eight years in the Department of Correction as a Range II, multiple offender.[1] We affirm the trial court.

The defendant was originally charged with the aggravated sexual battery of his stepdaughter. The presentence report reflects that the victim stated that the defendant required her to masturbate him and that it had happened before. It also reflects that the defendant denied that it happened, even after his guilty plea.

The gist of the defendant's concern relates to the fact that as part of the plea agreement, he agreed to attend a program with Counseling and Consultation Services, Inc., in order to evaluate his suitability for treatment in the community. The state had agreed that if he were suitable for such treatment, he should be placed on intensive probation. However, the defendant did not attend any sessions.

At the sentencing hearing, the defendant and his live-in girlfriend testified that he was going to the first evaluation meeting on April 23, 1997, when the car broke down. The defendant said that he called and obtained another appointment for May 6, 1997. However, when he arrived, he was told that he would have to pay the one hundred fifty dollars for the first missed session before he had another session. He testified that he did not have the money.

---

[1] The record reflects that although the defendant did not qualify through prior convictions for Range II, he agreed to such status as part of the plea agreement.

The defendant testified that he worked as a roofer and that business had been slow. He said that the money he made went for rent, electricity and the like and that he did not have the money to pay for the sessions. The presentence report reflects that the defendant telephoned the presentence officer on August 14, 1997, and told her that he was not going to counseling because he was not guilty and he could not afford it. The defendant essentially confirmed this conversation in his testimony.

In considering the sentence, the trial court noted that the defendant had a lengthy misdemeanor record, including convictions for driving under the influence, driving on a suspended license, theft, and obtaining money by fraud. It stated that the presentence report reflects that the defendant was less than candid about his employment status at the time of his interview. Also, the trial court doubted the defendant's sincerity relative to his claim of inability to attend the evaluation sessions that were required. The trial court concluded that the defendant had failed to prove that he was a worthy candidate for probation.

The defendant contends that the record supports his request for probation. We disagree. As a Range II, multiple offender, the defendant is not presumed to be an appropriate candidate for alternative sentencing. See T.C.A. § 40-35-102(6). The burden was and is on him to prove such entitlement. See State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990); T.C.A. § 40-35-401(d).

The trial court found that the defendant was not candid, a circumstance that bears on his amenability to rehabilitation and may justify a denial of probation. See State v. Gennoe, 851 S.W.2d 833, 837 (Tenn. Crim. App. 1992). Also, the defendant's unexcused failure to comply with the sexual offender evaluation process militates against probation. These circumstances, coupled with his criminal record and the

3

circumstances surrounding the present offense, more than justifies the denial of probation. The judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Gary R. Wade, Presiding Judge

_____
David H. Welles, Judge

4