# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### DECEMBER SESSION, 1998

FILED

March 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 03C01-9801-CR-00024 |
| Appellee | ) | |
| | ) | SULLIVAN COUNTY |
| vs. | ) | |
| | ) | Hon. R. Jerry Beck, Judge |
| KEVIN S. PHILLIPS, | ) | |
| | ) | (Reckless Aggravated Assault) |
| Appellant | ) | |

For the Appellant:

**Nat H. Thomas**
317 Shelby Street
Suite 304
Kingsport, TN 37660

and

**Daniel B. Minor**
247 Broad Street
Suite 102
Kingsport, TN 37660

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**R. Stephen Jobe**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**H. Greeley Wells, Jr.**
District Attorney General

**Lewis Combs**
Asst. District Attorney General
Blountville, TN 37617

OPINION FILED: _____

CONVICTION AFFIRMED; SENTENCE MODIFIED

**David G. Hayes**
Judge

**OPINION**

The defendant, Kevin S. Phillips, entered a *nolo contendere* plea to one count of reckless aggravated assault, a class D felony.[1]  Pursuant to the plea agreement, he received a sentence of two years.  Following a sentencing hearing, the trial court ordered that the sentence be served in the Department of Correction.  The defendant appeals, contending that the trial court erred in failing to grant probation or another sentencing alternative.

After review, we modify the sentence to reflect a sentence of split-confinement.

**BACKGROUND**

The trial court's summarization of the nature and circumstances of the offense as contained in its Order Denying Alternative Sentencing is recited as follows:

> The defendants, Phillips and Clark, on the evening of November 9, 1995, had been drinking and while traveling in an automobile on East Stone Drive in Kingsport, Sullivan County, Tennessee struck an automobile driven by Ms. Etta Luster.
>
> A violent collision occurred and Etta Luster was seriously injured. . . .
>
> When Kingsport Police Officer, Dion Spriggs, arrived at the scene of the accident, he talked with both defendants.  Both subjects advised the police officer that the ". . . other subject was driving the vehicle. . . ."  . . . Originally, the owner of the vehicle, Brian Clark, was charged. . . . Kevin Phillips was not charged.
>
> Police Officer Spriggs did obtain hair samples embedded in the broken windshield of Clark's vehicle.  The sample was removed from the portion of the windshield located directly in front of the steering wheel on the driver's side.  Both defendants had frontal head injuries. . . .

---

[1]The record provides no explanation as to why the defendant, who was indicted for vehicular assault, Tenn. Code Ann. § 39-13-106 (1991), was permitted to plead to the non lesser offense of aggravated assault.  Tenn. Code Ann. § 39-13-102(a)(2) (1995 Supp.).

2

The [co-]defendant Clark consistently stated he was not the driver of the car.[2]

At the preliminary hearing, Clark agreed to furnish saliva for DNA testing, but Phillips refused. . . .

The DNA test, to a high statistical probability, eliminated the [co-]defendant, Brian Clark, as source of the hair found imbedded in the driver's side windshield.

The Court was of the opinion that the DNA test eliminated Clark as the driver and would be strongly indicative that the defendant, Phillips, was the driver.[3]

It was revealed further at the sentencing hearing that Phillips had sued Clark on the theory that Clark was the driver in a civil tort action.

Clark testified that after the accident he had talked to Phillips and Phillips made admission to him stating that it was Phillips' family that was pushing the theory that Clark was driving. Phillips denied, in his testimony, that he made such admissions.

At the sentencing hearing, the proof further established that the defendant, Phillips, was twenty-five years old, single and lived with his parents. He was employed although his "employment record shows a lack of discipline." He has no criminal history other than a conviction for fishing without a license.

At the conclusion of the hearing, the trial court granted co-defendant Clark total probation and ordered penitentiary confinement for the defendant, Phillips. In denying an alternative sentence, the trial court noted the defendant's eligibility for alternative sentencing finding, however, that:

The defendant [Phillips] has been untruthful upon the issue of who was driving the vehicle and was untruthful concerning that issue before the Court on January 15, 1998. This Court is of the strong opinion that this negative factor outweighs all the positive factors combined.

---

[2]At the hospital, the defendant, Phillips, advised personnel that he "didn't know if [he] was driving or not." Approximately four or five months later, it became clear to Phillips that he was not the driver.

[3]As it became apparent that Clark and Phillips were at opposite poles, the court allowed Phillips' attorney to fully cross-examine Clark's witnesses and clearly advised Phillips' attorney of his rights in the action.

## ANALYSIS

Again, the appellant contests the trial court's denial of any alternative sentence. In the present case, the trial court essentially imposed a sentence of confinement based upon the appellant's "lack of candor" at the sentencing hearing.

It is apparent that our Sentencing Act has framed the basis of individual alternative sentencing determinations on the defendant's potential for rehabilitation. In this context, the truthfulness of the defendant becomes an important consideration for the trial court. State v. Dowdy, 894 S.W.2d 301, 305-306 (Tenn. Crim. App. 1994). Indeed, Tenn. Code Ann. § 40-35-103(5) (1990) provides that the potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed. Consequently, this court has routinely held that "untruthfulness" or "lack of candor" can be the basis for a denial of total probation. See Dowdy, 894 S.W.2d at 305; State v. Chrisman, 885 S.W.2d 834, 940 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1994); State v. Gennoe, 851 S.W.2d 833, 837 (Tenn. Crim. App. 1992). Additionally, this court has upheld the denial of judicial diversion on the basis of untruthfulness. See State v. Anderson, 857 S.W.2d 571, 574 (Tenn. Crim. App. 1992). The question before us in this case, however, is whether a defendant's "untruthfulness" may *per se* warrant a denial of all alternative sentencing options, thus, resulting in a sentence of total confinement. We hold that it will not.

When imposing a sentence of total confinement, the trial court should base its decision on the considerations listed in Tenn. Code Ann. § 40-35-103(1):

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

4

In the present case, the defendant has, in effect, no criminal record. Thus, we only need to consider evidence showing that confinement is necessary to avoid depreciating the seriousness of the offense or necessary to provide a deterrent to others. See Tenn. Code Ann. § 40-35-103(1)(B). There was no evidence presented at the sentencing hearing supporting the need to deter others likely to commit a similar offense, thus deterrence is not applicable to this case. See State v. Bonestel, 871 S.W.2d 163, 169 (Tenn.Crim.App.1993) (holding that there must be evidence in the record that the sentence imposed will have a deterrent effect within the jurisdiction).

Additionally, to deny alternative sentencing based upon the seriousness of the offense, the "'circumstances of the offense must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,'" and the nature of the offense must outweigh all factors favoring a sentence other than confinement. State v. Bingham, 910 S.W.2d 448, 454 (Tenn.Crim.App.1995) (citing State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)). Although the circumstances of the present case demonstrate the appellant's callous indifference to the safety of motorists and pedestrians alike on the night of November 9, 1995, we are unable to conclude that the circumstances of this offense are especially violent, horrifying, shocking or reprehensible. Indeed, again, we note that the trial court's only finding of reprehensible conduct related to the defendant's untruthfulness at sentencing and not to the "circumstances" of the aggravated assault. Having so concluded, we find no facts to support total confinement pursuant to the sentencing considerations of section 103.

In conclusion, we agree with the trial court's finding that the defendant's untruthfulness to the police and to the court is reprehensible. The defendant's unwillingness to accept responsibility for his involvement in the offense is a

circumstance which is relevant in determining his rehabilitative potential.  As such, we also agree with the trial court that the sentencing alternatives of judicial diversion and total probation are not warranted under these facts.  However, it is clear from the plain language of Tenn. Code Ann. § 40-35-103 that the untruthfulness of the defendant is relevant "in determining <u>the sentence alternative</u>" and not as authority to deny all forms of alternatives to incarceration.[4]  Thus, we conclude, upon *de novo* review of the record before us, that a sentence of split confinement would both serve the ends of justice and fulfill the rehabilitative needs of the appellant.  Accordingly, the appellant's sentence of two years is modified to reflect that he will be required to serve sixty days in jail followed by two years of supervised probation.

This case is remanded for entry of a judgment of conviction consistent with this opinion and for imposition of other conditions and terms of supervision the trial court deems appropriate as defined by Tenn. Code Ann. § 40-35-303.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JERRY L. SMITH, Judge


_____
JAMES CURWOOD WITT, JR., Judge

------

[4] "In considering false testimony of a defendant in the sentencing process, the trial court is therefore exercising its traditional discretion by evaluating the defendant's personality and prospects for rehabilitation. <u>See</u> <u>Williams</u>, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949).  It is through this evaluation that the trial court, pursuant to Tenn. Code Ann. § 40-35-103(5), can determine the appropriate alternative sentence for each defendant." <u>Dowdy</u>, 894 S.W.2d at 306.