IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE, v. CORNELIUS STARKS.

**Direct Appeal from the Circuit Court for Coffee County
No. 29,121F, 29,122F, 29,123F and 29,124F     L. Craig Johnson, Judge**

_____

**No. M1999-00340-CCA-R3-CD - Decided April 20, 2000**

_____

The appellant, Cornelius Starks, pled guilty in the Coffee County Circuit Court to three (3) counts of the sale of more than 0.5 grams of cocaine, a Class B felony, and one (1) count of the sale of less than 0.5 grams of cocaine, a Class C felony. The trial court sentenced the appellant as a Range II offender to concurrent terms of sixteen (16) years for each count of the sale of more than 0.5 grams of cocaine and ten (10) years for the sale of less than 0.5 grams of cocaine. On appeal, the appellant argues that the trial court imposed excessive sentences and erred in denying alternative sentencing. After a thorough review of the record before this Court, we conclude that the trial court considered relevant enhancement and mitigating factors and imposed an appropriate term of years. We also hold that given the appellant's lack of truthfulness and failed past efforts at rehabilitation, alternative sentencing was not warranted in this case. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Circuit Court of Coffee County is Affirmed.**

SMITH, J., delivered the opinion of the court, in which HAYES, J, and OGLE,J. joined.

Margaret C. Lamb, Tullahoma, Tennessee for Appellant, Cornelius Starks.

Paul G. Summers, Attorney General & Reporter, Todd R. Kelley, Assistant Attorney General, Nashville, Tennessee, Mickey Layne, District Attomey General and Kenneth Shelton, Assistant Attorney General, Manchester, Tennessee for the Appellee, State of Tennessee.

**OPINION**

**I.**

In October 1998, the appellant pled guilty to three (3) counts of the sale of more than 0.5 grams of cocaine and one (1) count of the sale of less than 0.5 grams of cocaine. The appellant's convictions arose out of four (4) separate drug transactions involving an undercover police officer in November of 1997.

At the sentencing hearing, the appellant testified that, in August of 1996, he was released on

parole for a previous conviction involving drugs. Although he attempted to become a productive citizen, he began abusing drugs again in November 1997. During this time, the appellant testified that he participated in the drug sales for which he was convicted. The appellant claimed that he never received money for the drug sales, but instead received other drugs in order to support his habit.

The appellant testified that after the commission of these offenses, but prior to his arrest in this case, he voluntarily stopped selling illegal drugs and received treatment for his addiction to drugs. He believed that he had been rehabilitated, and as a result, asked the trial court to impose a sentence which did not involve incarceration.

On cross-examination, the appellant acknowledged that he committed the present offense while on parole for a previous conviction and that he had a prior sentence of probation revoked. The appellant testified that he only sold drugs on four (4) occasions, and those sales involved the undercover police officer. He further admitted that he, in fact, received money for the drug sales, but stated that he used the money to buy more drugs for himself.

In imposing the appellant's sentence, the trial court found three (3) enhancement factors to be applicable: (1) the appellant has a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the applicable range, Tenn. Code Ann. § 40-35-114(1); (2) the appellant has a previous unwillingness to comply with the conditions of a sentence involving release into the community, Tenn. Code Ann. § 40-35-114(8); and (3) the appellant committed a felony while out on parole for a prior felony, Tenn. Code Ann. § 40-35-114(13)(B). The trial court found no applicable mitigating factors, but noted that it was "somewhat encouraged" by the appellant's "previous efforts at rehabilitation" and his love for his family. The court further found that the appellant was untruthful in his testimony that the only times he sold drugs were the four (4) occasions when he sold to an undercover police officer. The court then sentenced the appellant as a Range II offender to concurrent terms of sixteen (16) years for the appellant's convictions for the sale of more than 0.5 grams of cocaine and ten (10) years for the sale of less than 0.5 grams of cocaine. The trial court also denied any form of alternative sentencing and ordered that the appellant serve his sentences in confinement.

On appeal the appellant contends that the trial court erred in imposing his sentences. First, he claims that the trial court imposed excessive sentences by failing to consider several non-statutory mitigating factors. Secondly, he argues that the trial court erred in denying alternative sentencing.

## II.

### A. Standard of Review

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a *de novo* review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely *de novo*. Id.

If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

## B. Length of Sentence

The appellant asserts that the trial court failed to consider applicable non-statutory mitigating factors. Specifically, he alleges that the trial court failed to consider that he exhibited remorse for his actions, that he shows a high potential for rehabilitation, that he made efforts at becoming a productive citizen and that he was not a violent offender. The appellant argues that, had the trial court properly considered these mitigating factors, he would have received the minimum sentence in the range for each conviction.

Under the 1989 Sentencing Act, the presumptive sentence for a Class B or C felony is the minimum within the applicable range if no mitigating or enhancement factors for sentencing are present. Tenn. Code Ann. § 40-35-210(c); State v. Fletcher, 805 S.W.2d at 788. However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

Although the appellant does not contest the trial court's finding that three (3) enhancement factors are applicable, he claims that the trial court failed to consider applicable non-statutory mitigating factors under Tenn. Code Ann. § 40-35-113(13). First, he argues that the trial court should have considered his remorse and his potential for rehabilitation as mitigating factors. The trial court made no express findings regarding the appellant's alleged remorse or potential for rehabilitation. However, the trial court found that the appellant was not truthful during his testimony at the sentencing hearing. This Court has previously stated that, "[a] lack of truthfulness is an indication of a defendant's potential for rehabilitation. . . . Finding the defendant to be untruthful, the trial court inherently found the defendant lacked credibility. The defendant's lack of credibility undermines his show of remorse, potential for rehabilitation, and acknowledgment of guilt and assumption of responsibility." State v. Allen R. Jordan, C.C.A. No. 01C01-9807-CC-00315, 1999 Tenn. Crim. App. LEXIS 675, at *3, Williamson County (Tenn. Crim. App. filed June 30, 1999, at Nashville).

Moreover, the record indicates that, for a prior conviction, the appellant received a sentence of probation which was revoked as a result of the appellant's involvement in criminal activity. Furthermore, the appellant committed the present offenses while on parole for a previous conviction. In our view, the appellant's previous unwillingness to comply with the conditions of a sentence

involving release into the community reflects negatively on his rehabilitation potential. The trial court did not err in failing to consider the appellant's alleged remorse and potential for rehabilitation as mitigating factors.

The appellant also contends that the trial court erred in failing to consider that he is not a violent offender. Although the lack of a violent record could be considered as a mitigating factor by the trial court under the "catch-all" provision of Tenn. Code Ann. § 40-35-113, the presentence report shows that the appellant received a juvenile adjudication for the unlawful possession of a weapon. Moreover, the lack of violence in a drug offense is entitled to little if any weight since most drug offenses do not involve violence. *See e.g.* State v. Vanderford, 980 S.W.2d 390 (Tenn. Crim. App. 1997)(lack of a threat or actual serious bodily injury not a mitigator for drug ofenses). Thus, we believe that, any consideration of the appellant's non-violence would be entitled to very little weight.

Finally, the appellant claims that the trial court failed to consider that he made efforts to "improve himself" because he obtained his GED and worked while incarcerated at the Coffee County Jail. The fact that the appellant successfully completed his GED would ordinarily be entitled to some weight in mitigation since it suggests a potential for rehabilitation. *See* State v. Michael D. Martin, Jr., C.C.A. No. 01C01-9708-CR-00329, 1999 Tenn. Crim. App. LEXIS 203, at *6, Davidson County (Tenn. Crim. App. filed March 11, 1999, at Nashville). However, the appellant completed his GED while incarcerated for a prior conviction, and upon his release from incarceration, he committed the present offenses. Obviously, obtaining his GED has not rehabilitated the appellant to any serious degree.

In any event, our review of the record reveals that the trial court considered the appellant's efforts at rehabilitation in imposing the his sentences. Although the court did not specifically articulate that it was finding a non-statutory mitigating factor under Tenn. Code Ann. § 40-35-113(13), the trial court noted in its sentencing order that it was "encouraged by the defendant's previous efforts at rehabilitation and his sincere love for his family." It is apparent however that the trial court did not assign much weight to this factor in balancing it against the numerous enhancement factors.

After weighing the relevant facts and circumstances, the trial court sentenced the appellant to the maximum sentences of sixteen (16) years for the Class B felonies and ten (10) years for the Class C felony. We find nothing in the record which persuades us to interfere with the trial court's determination in this regard. This issue is without merit.

### C. Alternative Sentencing

In a related issue, the appellant contends that the trial court erred in denying alternative sentencing. He argues that he meets the statutory criteria for sentencing under the Community Corrections Act. *See* Tenn. Code Ann. § 40-36-101, *et. seq.* Additionally, he claims that because he shows a potential for rehabilitation, he is a suitable candidate for alternative sentencing.

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight (8) years or less and who is not an offender for whom incarceration is a priority is subject

to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-380 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations:

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). A trial court may consider the enhancement and mitigating factors set forth in Tenn. Code Ann. §§ 40-35-113, 40-35-114 as they are relevant to the § 40-35-103(1) considerations. State v. Boston, 938 S.W.2d at 438; State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). The defendant's lack of credibility is also an appropriate consideration as it reflects on a defendant's potential for rehabilitation. State v. Zeolia, 928 S.W.2d at 463.

A defendant is eligible for participation in the community corrections program if that defendant satisfies the minimum eligibility requirements set forth in Tenn. Code Ann. § 40-36-106(a). *See* State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). "These requirements set forth the minimum standards an offender must meet in order to be placed in a community based program; however, the statute does not provide that all offenders who meet these standards are entitled to such relief." Id. (emphasis added).

The appellant is correct in his assertion that he is statutorily eligible for community corrections. *See* Tenn. Code Ann. § 40-36-106(a). However, as a Range II offender convicted of three (3) Class B felonies, the appellant is not presumed to be a favorable candidate for alternative sentencing. State v. Anderson, 985 S.W.2d 9, 21 (Tenn. Crim. App. 1997). Furthermore, because the appellant violated the conditions of a probation sentence as well as the terms of his parole on prior occasions, measures less restrictive than confinement have frequently been applied unsuccessfully to the appellant. Moreover, the trial court found that the appellant was untruthful in his testimony during the sentencing hearing. Lack of truthfulness is an appropriate consideration in determining whether an offender should be granted an alternative sentence. State v. Zeolia, 928 S.W.2d at 463; State v. Gennoe, 851 S.W.2d 833, 837 (Tenn. Crim. App. 1992).

After a review of the record, we conclude that the appellant is not a suitable candidate for alternative sentencing. Therefore, the trial court did not err in denying the appellant's request to receive a community corrections sentence. This issue is without merit.

**III.**

Upon considering the record before this Court, we conclude that the trial court imposed appropriate sentences for the appellant's convictions for the sale of more than 0.5 grams of cocaine and the sale of less than 0.5 grams of cocaine. In addition, we agree with the trial court that the appellant should serve his sentences in imprisonment. Accordingly, the judgment of the trial court is affirmed.