IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

APRIL 1998 SESSION

FILED

July 2, 1998

Cecil W. Crowson
Appellate Court Clerk

§

STATE OF TENNESSEE ,
          APPELLEE

§

VS.                                                             C.C.A. No. 01C01-9705-CC-00195
                                                      §        LEWIS COUNTY
                                                               HONORABLE CORNELIA CLARK

LARRY FRANKS AND                        §
WILLIAM TURNER
          APPELLANTS                     §        (INSURANCE FRAUD)


FOR THE APPELLANT                                 FOR THE APPELLEE

Bobby McGee                                       John Knox Walkup
Attorney at law                                   Attorney General and Reporter
P. O. Box 327                                     425 Fifth Avenue, North
122 East Main St.                                 Nashville, TN  37243
Linden, TN  37096
                                                  Deborah A. Tullis
                                                  Assistant Attorney General
                                                  425 Fifth Avenue, North
                                                  Nashville, TN  378243

                                                  Joseph D. Baugh
                                                  District Attorney General

                                                  Donald W. Schwendiman
                                                  Assistant District Attorney General
                                                  Hohenwald, TN
                                                  □–––––


OPINION FILED: _____


AFFIRMED

L. T. LAFFERTY, SPECIAL JUDGE

# OPINION

The defendants, Larry Franks and William Turner, were found guilty of insurance fraud in violation of Tenn. Code Ann. § 39-14-133 by a Lewis County jury. Following the over-ruling of a motion for a new trial, the trial court sentenced the defendant, Franks, to three (3) years in the Department of Correction and a fine of $2,500. Franks was placed on probation for four (4) years and as a condition of probation was ordered to serve 45 days, day for day. The defendant, Turner, received a sentence of two (2) years in the Department of Correction and a fine of $1,200. Turner was placed on a three (3) year probation term and was ordered to serve 25 days, day for day. In this appeal of right, the appellants raise the following issues:

> 1. Whether the evidence adduced at trial was sufficient to find the defendants guilty of violating Tenn. Code Ann.
> § 39-14-133 beyond a reasonable doubt.

> 2. Whether the evidence was sufficient to convict either defendant of insurance fraud over $1,000, but less than $10,000.

> 3. Whether the trial court erred in not granting defendants a motion for a new trial because the verdicts were inconsistent.

After a review of the record and the applicable law, we affirm the judgment of the trial court.

## Background

In count one of indictment no. 5625 the defendants, Larry Franks and William Turner, were indicted by the Lewis County Grand Jury of presenting a false or fraudulent claim, in December, 1995, in an amount of $1,000 but less than $10,000 on a contract of insurance between Larry

Franks DBA Kwik Lube and the Hohenwald Insurance Agency and Hauler's Insurance Company. In count two, the indictment alleges that Larry Franks and Margaret Bailey, in December, 1995, presented a false or fraudulent claim on a contract of insurance between Larry Franks DBA A-1 Performance and Hohenwald Insurance Agency and Hauler's Insurance Company in the amount of $1,000, but less than $10,000.

The evidence at trial established that in December, 1995, the defendant, Larry Franks, operated a garage in Hohenwald, Tennessee called Kwik Lube. Also, on the same premises, Larry Franks operated an auto parts store called A-1 Performance. Both businesses had an insurance property liability policy with the Hauler Insurance Company of Columbia, Tennessee, issued by the Hohenwald Insurance Agency. Also, Larry Franks and William Turner were operating Kar-Mart, a car lot, on the same premises. This business was insured with the same insurance agency. On December 20, 1995, the defendant Franks called the Hohenwald Insurance Agency and reported a burglary of his office and the theft of his truck. At a later date the defendant Franks furnished the insurance agency with two lists of items stolen from Kwik Lube, A-1 Performance and Kar-Mart.

Ricky Joe Odem, testifying for the State, informed the jury that he and his uncle, Tim Fisher, drove to Hohenwald from Lawrence County on the night of December 19th and the early morning of December 20th, 1995, to commit a burglary. Odem admitted to breaking into the business of Kwik Lube, A-1 Performance, and Kar-Mart. From the office of Kwik Lube, Odem stole a 20.20 rifle with scope, a camera, a phone and some

cash from a desk drawer. After placing these items outside, Odem broke into the garage (A-1 Performance). From the garage office, Odem took a little bit of cash, a Holly carburetor, 8 in-take manifolds, an oil-cooler, 2 pistols and a set of rocker arms. Odem placed these items outside, watching for his uncle, who had been detained by the Hohenwald Police Department for a traffic offense.

Since his uncle failed to reappear, Odem returned to the scene of his first entry and obtained a set of keys to some U-Haul trucks in the car lot. Before taking the keys, Odem admitted to looking inside a race car trailer, seeing some car parts, but not taking anything. After loading the stolen items in a Toyota U-Haul truck, Odem drove to Iron City, hiding the truck in some woods. Some of the stolen items were taken to Odem's home and the rest were left in the truck. After Odem's arrest, he gave a written statement of the burglary and assisted the Hohenwald Police Department in recovering the stolen items.

In late December, 1995, Franks presented two lists of stolen items to his insurance agency. Kwik Lube's loss was $7,860.72, which included a ½" drive socket set (Snap-On brand) valued at $1,205.40. A-1 Performance's loss was $7,598.26. Franks and Turner, in behalf of Kar-Mart tendered a list of three stolen items, a Honda generator ($1,429), a Snap-On battery charger ($3,74.95), and a sand bag ($25.99) for scoping a rifle.

The items stolen by Ricky Odem and recovered by the Hohenwald Police are:

<u>Kar-Mart</u>
22 interarm caliber rifle with scope

<u>A-1 Performance</u>
6 Wyman aluminum intake manifolds
1 transmission cooler

<u>Kwik Lube</u>
Colt mustang 380 blue pistol
RL 38 caliber revolver
3 aluminum intakes

Also recovered was a camera and an AT&T phone.

On December 20, 1995, Sgt. Greg Wise, Investigator for the Hohenwald Police Department, interviewed the defendant, Franks, and verified a burglary had occurred at these premises. Franks and Ms. Margaret Bailey, an employee, advised Sgt. Wise what was missing--some cash, phone, rifle, pistols, etc. Ricky Odem was arrested December 28, 1995. On December 29, 1995, Sgt. Wise obtained a copy of the two lists of stolen items submitted by the defendants to the Hohenwald Insurance Agency. On December 29th, Sgt. Wise specifically questioned Franks and Ms. Bailey about the camera on the insurance list valued at $307.66. Franks stated he bought the camera, a Pentax, with cash and it had no serial number. Although he and Ms. Bailey stated the camera was used in the business, they had no receipts to support the purchase of this business item.

Also, on December 20, 1995, Sgt. Wise talked to the defendant, William Turner, about the burglary. Turner never complained about any Snap-On tools being taken in this burglary. On the 29th, while talking to Larry Franks, Sgt. Wise inquired about the ½" socket set of Snap-On tools on the insurance list. Franks advised Sgt. Wise the tools belonged to Turner. Subsequently Sgt. Wise talked to Turner, showed him the insurance list, and inquired about the socket set. Turner became nervous

and agitated. Sgt. Wise asked Turner where and when he bought the set, but Turner would try to change the subject. Finally, Turner stated that he purchased the set from a Snap-On dealer in Lexington, Kentucky, a year earlier. Sgt. Wise advised Turner he would contact Snap-On and verify the sale in Lexington. At 5:00 PM on December 29th, Turner appeared at the Hohenwald Police Department and after being advised of his rights, said he had had a change of mind as to of how he obtained the Snap-On tools. Turner stated that he had bought the tools from an individual he did not know and it was not a full set of tools. Turner advised Sgt. Wise he and Franks came up with the value of $1,200 for the tools.

On January 24, 1996, Sgt. Wise reinterviewed Franks and Franks informed Sgt. Wise that he had a couple of more items to report missing and a couple of items he had found since the break-in.

The total value of items taken by Ricky Odem from Kwik Lube and recovered by law enforcement was $487.00. The items taken from A-1 Performance and recovered were valued at $2,100.50. The lists submitted to the insurance company of stolen items were valued at $15,000.00

It is obvious from the record the defendants vigorously attempted to establish that no witnesses had personal knowledge that any of the property claimed on the proofs of loss of the businesses did not exist and/or was not on the premises prior to the burglary. However, the jury found to the contrary and resolved these questions in behalf of the State.

Based on the evidence in this trial, the jury found the defendants, Larry Franks and William Turner, guilty, in count one of indictment #5625 of insurance fraud greater than $1,000, but less than $10,000. In count two of the same indictment, the defendants, Larry Franks and

Margaret Bailey were found not guilty.

## Sufficiency of Evidence

When reviewing a trial court's judgment, the appellate court will not disturb a verdict of guilty unless the facts of the record and inferences which may be drawn from it are sufficient as a matter of law for a rational trier of fact to find the defendant or defendants guilty beyond a reasonable doubt. Tenn. R. App. P. 13 (e). *State v. Tuggle,* 639 S.W.2d 913 (Tenn. 1982). *State v. Brewer,* 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Initially, a defendant is cloaked with the presumption of innocence. *State v. Tuggle,* at 914. However, a jury conviction removes the presumption of innocence and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. *Id.* In determining the sufficiency of evidence, this court does not reweigh or re-evaluate the evidence. *State v. Cabbage,* 571 S.W. 2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *State v. Harris,* 839 S.W.2d 54, 75 (Tenn. 1992). It is the appellate court's duty to affirm the conviction if the evidence viewed under these standards was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 99 S.Ct. 2781, 2789 (1979); *State v. Cazes,* 875 S.W.2d 253, 259 (Tenn. 1994). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews,* 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

In their first issue, the defendants contend the convictions in count one were predicated solely upon conjecture, guess and speculation and that the evidence was not sufficient to support their convictions. In support of this claim, the defendants argue that no witnesses of the State could testify that the items on the submitted list to the insurance agency did not exist or were disposed of by the defendants. Also, the jury could not have given any weight or credence to Ricky Odem's testimony since they (jury) found the defendant, Larry Franks, not guilty in count two.

The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the trier of fact. *State v. Sheffield,* 676 S.W.2d 542 (Tenn. 1984) at 547. Franks presented a claim of loss on his insurance contract with Hauler's Insurance Co. that included several items that Ricky Odem denied stealing. Thus, Ricky Odem's credibility became a clear issue in this trial. The jury obviously accredited his testimony despite the defendant's efforts to discredit him. Based on circumstantial evidence, the jury certainly inferred the defendants intentionally presented a fraudulent claim.

Although the defendant, William Turner, owned the ½" Snap-On socket set, it was reported stolen on Franks' claim of loss. Based on Turner's different statements about the purchase and value of the socket set, a jury could certainly conclude that both were criminally responsible for submitting a fraudulent claim. Therefore, the evidence is more than

sufficient to support the jury's verdict that the defendants intentionally presented, or caused to be presented, a false or fraudulent claim for the payment of loss upon a contract of insurance coverage, or prepared a false or fraudulent account with the intent that the same be presented or used in support of such claim, for an amount over $1,000, but less then $10,000. There is no merit to defendants' first issue. It is dismissed.

In their second issue, the defendants contend the evidence was insufficient to convict them of insurance fraud over $1,000, but less than $10,000. Since the State's five witnesses could not say the defendants did not own or possess the equipment submitted to the insurance company, the defendants argue that no fair market values were established beyond a reasonable doubt. However, the defendants do concede that witness Ricky Odem, testified he took approximately $400 in cash. The State established, through the testimony of Sgt. Wise, the recovered stolen items from Ricky Odem amounted to $2,587 in value. The defendant is correct in that the State did not prove the individual values of each stolen item. The trial court in its charge instructed the jury they must determine the range of value of the property claimed to be stolen from the defendants in the burglary. The jury had three options, based on the proof, to establish the values at $1,000, but less than $10,000 or more than $500, but less than $1,000 or at $500 or less. The jury, by its verdict, was satisfied that the State provided sufficient evidence to fix the value at more than $1,000 and this Court believes that there was sufficient evidence for the jury to so conclude. Defendants' second issue is without merit and is dismissed.

In issue three the defendants complain the trial court was in error for

failing to grant a new trial because the verdicts were inconsistent. The defendants contend that the jury in finding Franks and Bailey not guilty in count two of the indictment could not have believed the testimony of Ricky Odem as the facts in count one. Unfortunately for the defendants, juries sometimes do that very thing after listening to multiple offenses arising in the same set of facts or circumstances. Also, that does not mean a jury's verdicts are inconsistent. The trial court in ruling on the merits of the motion for new trial on this issue stated:

> "Secondly, as to each individual, Mr. McGee has made an interesting and well thought out argument about the inconsistencies of the verdicts in Count 1 and Count 2. Each of them charged, essentially, the same offense, but as to the two different business operations that existed in these combined quarters. Particularly as to Mr. Franks, I guess, who was charged in both of them, there is some argument that can be made that if you're simply relying on the burglar's testimony and you don't believe him in Count 2 about what was taken--or you don't believe him in Count 1, that you should not believe him in Count 2 either. I'm not sure that works quite as well for the co-defendant.

> But, once again, it is my judgment that the motions must be denied on this ground, because I don't find them to be automatically inconsistent. And once I got straight in my mind which items were which--I think a lot of this case, or a lot of the proof, focused on the socket set in particular, and some of the other items, there was more proof presented about some of the items on Count 1, Kwik Lube list, as to values after the fact than there were on the Count 2 A-1 list. I think a lot of the testimony or a lot of what the jury may have relied on is the testimony about the socket set."

Based on the evidence in this record, we believe the trial court was correct in it's decision. In *Wiggins v. State,* 498 S.W.2d 32 (Tenn. 1973), the Supreme Court stated as to inconsistent verdicts in a case involving different verdicts for petit larceny and concealing stolen property:

> "But, as the instant factual situation is unique, and so that there can be no question as regards the subject, we specifically adopt the reasoning and result of *Dunn v. United*

*States* 52 S.Ct. 189 (1932). Consistency in verdicts for multiple count indictments is unnecessary as each count is a separate indictment. Therein lies the essential reasoning. An acquittal on one count cannot be considered res judicata to another count even though both counts stem from the same criminal transaction. This Court will not upset a seemingly inconsistent verdict by speculating as to the jury's reasoning if we are satisfied that the evidence establishes guilt of the other offense upon which the conviction was returned".

See *State v. Gennoe,* 851 S.W.2d 833, 836 (Tenn. Crim. App. 1992); *State v. Tony Scott Walker,* No. 02C01-9704-CC-00147 at Jackson, filed December 3, 1997, Judge David G. Hayes.

We find the trial court's analysis correct and the judgments of conviction for both defendants are affirmed.

_____
L. T. Lafferty, Special Judge

**CONCUR:**

_____
Gary R. Wade, Presiding Judge

_____
Thomas T. Woodall, Judge