# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 10, 2012 Session

## STATE OF TENNESSEE v. DORIS MILLER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 08-03558      W. Mark Ward, Judge**

**No. W2011-01181-CCA-R3-CD  - Filed April 26, 2012**

The defendant, Doris Miller, was convicted by a Shelby County Criminal Court jury of assault by provocative contact, a Class B misdemeanor, and sentenced to three months in the county workhouse. On appeal, she challenges the sufficiency of the convicting evidence and the sentence imposed by the trial court. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Gerald S. Green, Memphis, Tennessee, for the appellant, Doris Miller.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General; and Betsy Weintraub, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The defendant was charged with assault by causing bodily harm due to her involvement in an altercation with the manager of a shopping center who told her she could not park in a certain parking space unless she was a customer.[1] The case was tried by jury

---

[1] We glean this brief factual background from the defendant's brief, as the defendant failed to file either a transcript of the evidence from trial or a statement of the evidence as provided for under Tennessee
(continued...)

on March 1-3, 2011, and the jury found the defendant guilty of the lesser-included offense of assault by provocative contact.

## ANALYSIS

### I. Sufficiency of the Evidence

The defendant challenges the sufficiency of the convicting evidence, arguing that the proof showed she was first assaulted by the "victim" and that finger-pointing in the midst of an argument does not constitute provocative contact.

When the sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)).

---

[1](...continued)
Rule of Appellate Procedure 24(c).

"A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

To sustain a conviction for assault by provocative contact, the State had to show that the defendant "[i]ntentionally or knowingly cause[d] physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." Tenn. Code Ann. § 39-13-101(a)(3).

We note that we are wholly unable to review the defendant's challenge to the sufficiency of the convicting evidence, as the defendant has failed to include a transcript of the proof at trial or a statement of the evidence in the record to this court. On appeal, the defendant has "a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)). "Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue." Id. at 561.

> It is well-established that an appellate court is precluded from considering an issue when the record does not contain a transcript or statement of what transpired in the trial court with respect to that issue. Moreover, the appellate court must conclusively presume that the ruling of the trial judge was correct, the evidence was sufficient to support the defendant's conviction, or the defendant received a fair and impartial trial. In summary, a defendant is effectively denied appellate review of an issue when the record transmitted to the appellate court does not contain a transcription of the relevant proceedings in the trial court.

State v. Draper, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990) (footnotes omitted). Thus, the defendant has waived this claim, and we must presume that the evidence was sufficient to support her conviction.

## II. Sentencing

The defendant challenges the sentence imposed by the trial court. Without specific argument in support of such assertion, the defendant merely states that the trial court failed to sentence her properly.

The trial court conducted a sentencing hearing, at which the State argued that the defendant should receive a sentence of probation and possibly service of a couple of days in jail as the defendant did not seem to take responsibility for the illegality of her actions. Defense counsel argued that the defendant was actually assaulted first and that she should receive diversion. The court reviewed a Tennessee Bureau of Investigation report concerning the defendant and noted that she had been charged with eight offenses in the past, five of which were assaults or batteries, of which there was "no disposition located." The court observed that the defendant had a 1989 conviction in Illinois for battery.

The defendant then testified that the battery conviction was accurate as she "did fight a young lady . . . [when she] was about nineteen, or twenty years old[.]" However, she maintained that a 1989 aggravated assault charge was not her. Asked by the court whether she was employed, the defendant said that she worked with troubled youth in an internship for foster care and adoption and also worked at Sears. She said that she was also a full-time student and was graduating the next month with a degree in social work. She stated that she had three children who had all graduated from high school.

On cross-examination, the defendant admitted that it did not set a good example to get into fights in front of her daughter, but she said that she "was attacked in front of her daughter." She stated that she took responsibility for pointing her finger at the victim and telling him to not touch her car but maintained that "he threw [her] down and [she] did not hit him[.]" She stated that she did not commit an assault because she "was just pointing [her] finger while [she] was talking to [the victim]." The victim said that her daughter was a customer of the shopping center, having been to the Little Caesar's Pizza, and she was picking up her daughter. She admitted that she was aware the shopping center had a policy against people picking up their children at the shopping center unless they were customers and that she parked in a space marked for a cleaning business only.

In sentencing the defendant, the trial court noted that it must base its sentence on the purposes and principles of the sentencing act, including the imposition of a sentence justly deserved in relation to the seriousness of the offense, and that it must consider the defendant's potential, or lack thereof, for rehabilitation. The court observed that the defendant had a prior criminal history consisting of a battery conviction in Illinois. It noted that the defendant had multiple other charges but that it could not put any weight on those given the dispositions were unknown. The court observed that it was relevant that the defendant's prior conviction was for battery given that was "pretty much the same thing that she's been charged with here." Accordingly, the court imposed a sentence of three months.

In determining whether the defendant should receive an alternative sentence, the court surmised that the assault committed by the defendant was actually more serious than that of

-4-

which she was convicted in that she "thr[e]w her shoe" at and bit the victim. The court found that the defendant was untruthful and had "committed perjury throughout the trial and ha[d] lied, repeatedly, throughout the trial about everything that happened out there." The court concluded that it was going to deny an alternative sentence, summarizing as follows: "She did poke the [victim] in the face. She did bite him and she did throw a shoe at him and she tried to make herself look as good as she possibl[y] could, but basically she's a perjurer[.]"

Appellate review of misdemeanor sentencing is *de novo* on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. §§ 40-35-401(d), -402(d). This presumption of correctness is conditioned upon the affirmative showing that the trial court considered the relevant facts, circumstances, and sentencing principles. State v. Ashby, 823 S .W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Cmts.

The trial court is afforded considerable latitude in misdemeanor sentencing. See, e.g., State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). When imposing a misdemeanor sentence, the trial court is not required to conduct a sentencing hearing, but it must afford the parties a reasonable opportunity to address the length and manner of service of the sentence. Tenn. Code Ann. § 40-35-302(a). Moreover, the trial court is not required to place specific findings on the record, State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998), but must consider the principles of sentencing and the appropriate enhancement and mitigating factors in determining the percentage of the sentence to be served in actual confinement. Tenn. Code Ann. § 40-35-302(d).

A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. § 40-35-103(1). In addition, "[t]he potential or lack of potential for the rehabilitation or

-5-

treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5); see also State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). Moreover, lack of truthfulness is probative on the issue of a defendant's potential for rehabilitation and should be considered in granting or denying an alternative sentence. State v. Neeley, 678 S.W.2d 48, 49 (Tenn. 1984); see also State v. Gennoe, 851 S.W.2d 833, 837 (Tenn. Crim. App. 1992).

We initially note that the defendant has waived this claim due to her failure to provide any argument concerning why the sentence imposed by the trial court was improper. See Tenn. Ct. Crim. App. R. 10(b). Waiver notwithstanding, the record does not show that the trial court exceeded the great flexibility and discretion extended to trial courts in fashioning a misdemeanor sentence. In imposing a three-month sentence, the trial court relied on the defendant's prior history of criminal conduct, noting that she had a prior battery conviction, which was similar in character to her present offense. In denying an alternative sentence, the court determined that the defendant's actions were actually more serious than that of the offense of which she was convicted and also that the defendant had been untruthful with the court. The sentence imposed by the trial court was not improper.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____

ALAN E. GLENN, JUDGE
