# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### April 20, 2010 Session

## STATE OF TENNESSEE v. EMMETT LEJUAN HARVELL AND BARDELL NELSON JOSEPH, A.K.A. SHAWN ANGLIN, A.K.A. BILLONTAE SMONTEZ ADAMS

**Direct Appeal from the Criminal Court for Davidson County**
No. 2008-D-3551    Cheryl Blackburn, Judge

---

**No. M2009-01168-CCA-R3-CD - Filed November 29, 2010**

---

The defendants, Emmett Lejuan Harvell and Bardell Nelson Joseph, were both convicted of the facilitation of tampering with evidence, a Class D felony, and simple possession of a Schedule VI controlled substance, a Class E felony. In addition, Defendant Joseph was convicted of possession of a handgun by a convicted felon, a Class E felony. On appeal, both defendants argue that the evidence was insufficient to support their convictions, and Defendant Joseph argues that he was sentenced improperly. After careful review, we affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Richard McGee and James O. Martin, III, Nashville, Tennessee, for the appellant, Emmett Lejuan Harvell.

Dawn Deaner, District Public Defender, and Emma Rae Tennent (on appeal), J. Michael Engle, and Kristin Neff (at trial), Assistant District Public Defenders, for the appellant, Bardell Nelson Joseph.

Robert E. Cooper, Jr., Attorney General; Deshea Dulany Faughn, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The drug-related convictions at issue arise from a course of events that began when a Nashville Metropolitan police officer attempted to break up a public altercation. On February 4, 2008, Officer Jacob Pilarski was on patrol and observed a green Lincoln Navigator parked on the side of the road with its back passenger door open. After pulling closer to investigate, Officer Pilarski noticed two adults fighting with each other outside the vehicle, with a third individual – who was later identified as defendant Bardell Joseph – standing nearby. After getting out of his vehicle to investigate, Officer Pilarski saw that a fourth individual, who was later identified as Defendant Harvell, was sitting in the driver's seat of the Navigator and that the vehicle was otherwise unoccupied.

When the individuals became aware of the officer's presence, the two men stopped fighting, and Defendant Joseph jumped into the rear passenger side of the vehicle through the open door. Officer Pilarski yelled for them to stop, but Defendant Harvell drove the Navigator away from the scene at a very high rate of speed. Officer Pilarski elected not to pursue; instead, he issued a "be on the lookout alert" for the Navigator to his fellow officers and turned his attention to the remaining two men. Neither of these two men were in possession of drugs or guns and were eventually released without charge.

Officer Michael Thomas, also of the Metro Nashville Police Department, heard Officer Pilarski's "be on the lookout" alert for the fleeing Navigator. A short time later, he observed a vehicle fitting the description drive through a stop sign and enter Interstate 40. Confirming that the vehicle's tag number was the one given in the alert, Officer Thomas followed the vehicle as it went on to Interstate 24 and eventually exited onto Murfreesboro Road. When his requested back-up arrived, including Officer Patrick Scott Ragan, Officer Thomas turned on his lights to begin a traffic stop. Soon thereafter, he saw what appeared to be two cellophane bags thrown out of the passenger side of the vehicle. Officer Thomas believed that one of these bags broke open because, immediately after they were tossed, a dust-like substance with the appearance of cocaine appeared on his windshield. Officer Thomas informed his fellow officers that the plastic bags had been thrown from the Navigator and continued his pursuit, while Officer Ragan stopped alongside the road and attempted to recover them. Officer Thomas observed a black object being thrown from the Navigator and informed Officer Ragan of this as well. The driver of the vehicle drove on for approximately a quarter mile in all, turning onto Park Plus Boulevard before stopping near Centennial Street.

Officer Thomas ordered Defendant Harvell out of the driver's seat and then removed Defendant Joseph from the rear passenger's seat. In so doing, Officer Thomas observed and confiscated a plastic bag of marijuana in plain view on the front passenger's seat next to the console. A further search of the vehicle turned up several cigarillos (often used to smoke marijuana) and numerous cell phones, which the officers also confiscated.

-2-

Meanwhile, Officer Regan searched along the stretch of road where Officer Thomas had seen the two plastic bags being discarded, and there he recovered a single bag of marijuana. Thereafter, in searching the area where Officer Thomas had seen the black object discarded, Officer Ragan discovered a loaded Smith & Wesson .40 caliber handgun laying next to a black bandanna. Officer Ragan secured the evidence and caught up with Officer Thomas and the Navigator. Both defendants were arrested.

On February 9-11, 2009, the defendants were tried in Davidson County Criminal Court. At the conclusion of the trial, Defendant Harvell was found guilty of felony facilitation of tampering with evidence and felony possession of marijuana. Defendant Joseph was convicted of felony facilitation of tampering with evidence, felony possession of marijuana, and felony possession of a handgun by a convicted felon. On March 11, 2009, the court sentenced Defendant Harvell to two years for felony drug possession and to three years for facilitation, to be served concurrently. On March 18, 2009, the court sentenced Defendant Joseph to three years for felony possession of marijuana, three years for being a felon in possession of a firearm, and to eight years for facilitation of tampering with evidence, with all sentences to run concurrently. This appeal followed.

Analysis

On appeal, the defendants argue that the evidence was insufficient to support their respective facilitation convictions. Defendant Joseph also argues that the evidence was insufficient to support his conviction for being a felon in possession of a handgun and for possessing a controlled substance. Finally, Defendant Joseph claims the trial court erred by denying him an alternative sentence. We address each argument in turn.

*Defendant Emmett LeJuan Harvell*

Defendant Harvell first argues that the evidence presented against him was insufficient to support the jury's finding that he is guilty of facilitation of tampering with evidence. Specifically, he argues that evidentiary support is lacking for the jury's conclusion that he knowingly provided substantial assistance in the commission of any tampering with evidence because the jury elected not to convict either himself or Defendant Joseph of evidence tampering as a principal. Since only he and Defendant Joseph were in the vehicle, Defendant Harvell argues, by logical extension the jury must have concluded that no actual tampering with any evidence occurred. However, we have long held that defendants may not avail themselves of the benefits of these sorts of logical inconsistencies between the verdicts of co-defendants, and we have little difficulty affirming that principle again today.

When an accused challenges the sufficiency of the evidence, this court must review

-3-

the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Instead, this court affords the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences that may be drawn from that evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). Because the trier of fact, not this court, resolves questions concerning the credibility of the witnesses as well as all factual matters and the weight and value to be given to all the evidence, *see id.*, "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). In the face of this "presumption of guilt," the accused has the burden of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476.

In this case, the defendant has not carried his burden; the direct and circumstantial evidence is more than sufficient to support a jury finding that Defendant Harvell facilitated tampering with the evidence. To be guilty of felony facilitation, a defendant must knowingly furnish substantial assistance in the commission of a felony (in this case, evidence tampering), knowing that the person intends to commit a felony but without the intent required for direct criminal responsibility (*i.e.* the intent of promoting or profiting from the offense). *See* T.C.A. § 39-16-503(a)(1) (2008). With respect to the offense that was facilitated in this case, the Tennessee Supreme Court recently elucidated the elements necessary to establish evidence tampering. In *State v. Curtis Lee Majors*, the court explained:

> Tennessee's criminal code provides as follows:
>
>> Tampering with or fabricating evidence. -- (a) It is unlawful for any person, knowing that an investigation or official proceeding is pending or in progress, to:
>>
>> (1) Alter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]
>
> T. C. A. § 39-16-503(a)(1) (2006). Thus, the felony offense of tampering with evidence consists of three elements: (1) an ongoing investigation about which the accused knows, (2) the accused alters, destroys, or conceals some "record, document or thing," and (3) the accused tampers with the "record, document

or thing" in order to impair its use as evidence in the investigation.

2010 Tenn. LEXIS 722, at *12 (Tenn. Sept. 3, 2010).

There is considerable evidence that supports the jury's finding that Defendant Harvell knowingly provided substantial assistance to Defendant Joseph's tampering with evidence. Officer Thomas testified that a large bag of marijuana was found in plain view on the front seat of the Navigator driven by Defendant Harvell. From this, a jury could reasonably conclude that Defendant Harvell was aware that there were drugs in the vehicle he was operating. Officer Pilarski further testified that, notwithstanding his plain instruction to stop, Defendant Harvell fled from the scene of a fight. Officer Thomas testified that, after he activated his lights and attempted to initiate a traffic stop, Defendant Harvell drove away at a high rate of speed, only to pull over and stop soon after several bags and a foreign object had been tossed from the vehicle. Officer Thomas testified that, even though only one plastic bag was recovered, he saw two distinct bags tossed from the vehicle's window and that a powdery substance with the appearance of cocaine appeared on his windshield soon after the bags were thrown.

From this testimony, a jury could have reasonably concluded that Defendant Joseph destroyed a bag of evidence by throwing it out of the window of a fast-moving car, knowing the police were in pursuit. Such actions constitute tampering with the evidence. Moreover, that same jury could have reasonably concluded that Defendant Harvell drove the vehicle on the night in question for the specific purpose of providing the time, distance, and other assistance necessary for Defendant Joseph to tamper with evidence by destroying a bag of cocaine. Evidence suffices to support the conviction.

Nonetheless, the defendant argues that, by failing to convict Defendant Joseph as a principal of the tampering offense, the jury necessarily found that no tampering occurred; therefore, the evidence to support a facilitation conviction is lacking. We have previously held that state law expressly forbids the use of an inconsistent judgment of a co-defendant to evade criminal liability in this manner. In *State v. Gennoe*, 851 S.W.2d 833, 836 (Tenn. Crim. App. 1992), this court upheld the conviction of a defendant for facilitation of sexual battery, even though his co-defendant had only been convicted of facilitation with respect to that same battery and was never convicted of the principle crime of sexual battery itself. The case before us is indistinguishable. In *Gennoe*, this court explained its holding by observing that, although old common law practice forbade the conviction of aiders, abettors, and accessories absent the conviction of the principal, the Tennessee legislature had specifically altered this practice by statute. *See id.* As amended in 1989, the Tennessee Code specifically provides that "it is no defense that . . . the person for whose conduct the defendant is criminally responsible has been acquitted, has not been prosecuted or convicted,

has been convicted of a different offense or different type or class of offense, or is immune from prosecution." T.C.A. § 39-11-407 (1989). Consequently, in *Gennoe,* each co-defendant's acquittal of sexual battery was no bar to their conviction for facilitation of the same offense.

We reaffirm these holdings again today. Although Defendant Harvell urges us that the issue before us today is not inconsistent verdicts or applying the statute but, instead, whether the evidence in this case is sufficient to support a conviction, he draws a distinction without a difference. His only argument that the evidence in his case was insufficient is that the jury reached a verdict with respect to his co-defendant whose inconsistency with his own demonstrates that the evidence to support his conviction is lacking. The issues are one and the same. While Defendant Harvell further claims that the issue as framed in *Gennoe* and related cases (i.e. inconsistent verdicts) and the court's analysis in that case are not relevant to the case at bar, even assuming *arguendo* that he was correct, it is the *holding* of our cases, *not their reasoning*, that governs this court's prospective decision-making. We have repeatedly held that it is both lawful and constitutional for all parties participating in a crime to be found guilty of merely facilitating that crime without any of them being held guilty as a principal, and we cannot and will not change that outcome today. Defendant Harvell is not entitled to relief.

*Defendant Bardell Nelson Joseph*

Defendant Joseph challenges each of his convictions on the grounds of sufficiency of the evidence. Applying the same standard of review explained *supra*, we have reviewed the record and determined that sufficient evidence exists to support the jury's finding with respect to each conviction.

*Possession of Marijuana*

Pursuant to Tennessee Code Annotated section 39-17-418(a) (2008), to support a conviction for simple possession of marijuana, the State need only to prove that the defendant knowingly possessed marijuana. Possession of contraband may be actual or constructive. *State v. Transou*, 928 S.W.2d 949, 955 (Tenn. Crim. App. 1996). As this court explained in *State v. Cooper,* 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987), "[b]efore a person can be found to constructively possess a drug, it must appear that the person has 'the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others.'" This court further explained that "constructive possession is the ability to reduce an object to actual possession." *Id.* (internal citation omitted).

This court continued:

> The mere presence of a person in an area where drugs are discovered is not, alone, sufficient to support a finding that the person possessed the drugs. *Harris v. Blackburn*, 646 F.2d 904 (5th Cir. 1981). *See Dishman v. State*, 460 S.W.2d 855, 858 (Tenn. Crim. App. 1970); *Whited v. State*, 483 S.W.2d 594 (Tenn. Crim. App. 1972). Likewise, mere association with a person who does in fact control the drugs or property where the drugs are discovered is insufficient to support a finding that the person possessed the drugs. *Harris v. Blackburn*, *supra*. *See Dishman v. State, supra*; *Whited v. State*, *supra*.

*Cooper*, 736 S.W.2d at 129. The Tennessee Supreme Court has stated that, although a defendant's mere presence at a place where controlled substances are found will not support an inference of possession, a person in possession of the premises where controlled substances are found may be presumed to possess the controlled substances themselves. *State v. Ross*, 49 S.W.3d 833, 846 (Tenn. 2001).

Based on the evidence produced at trial, a jury could have concluded that Defendant Joseph knowingly possessed marijuana in at least two different ways. First, the officer in pursuit of the vehicle testified that he saw two plastic bags thrown from the passenger's side of the vehicle. Another officer testified that he recovered a plastic bag containing marijuana from the area where the two bags were thrown. Defendant Joseph was seated on the passenger side of the vehicle when they were stopped, and there was no erratic or distracted driving observed by the police at the time when the bags were thrown. This suggests that the driver was not the one throwing the drugs across the car and out the passenger's window. These facts taken together are sufficient to support a finding by the jury that Defendant Joseph was the one who threw a bag of marijuana out the window, and, therefore, that he must have picked up and been in actual possession of the marijuana for at least long enough to commit this act.

Alternatively, an additional bag of marijuana was found, in plain view, in the front passenger side of the vehicle. Given the testimony of numerous individuals that Defendant Joseph had been in the car prior to the altercation and that he also chose to be in the car during the time spent during the police chase, by virtue of electing to jump into the car through an open door after Officer Pilarski commanded him to stop, a jury could reasonably conclude that Defendant Joseph was aware that bags of marijuana were in the car and intentionally chose to be in very close proximity to them. In this sense, a jury could reasonably conclude that Defendant Joseph was in constructive possession of the bags of marijuana and that he made the decision to knowingly place himself in their close proximity in order to ensure his ability to quickly reduce the bags to his actual possession. In any event, regardless of what theory the jury actually chose, the evidence adduced at trial was sufficient to support Defendant Joseph's conviction for possession of a Schedule VI controlled

substance.

*Possession of a handgun by a convicted felon:*

Defendant Joseph acknowledges that: he had a prior felony drug conviction; Officer Thomas saw a black object thrown from a vehicle; and Officer Ragan recovered a handgun and a black bandana from the same area. However, he urges that the State presented insufficient evidence for a jury to conclude that he, rather than Defendant Harvell, threw the gun from the vehicle. We disagree. Officer Thomas testified that the object came out of a passenger side window and that he observed no erratic driving when the items were thrown that might indicate that they had been thrown across the car by the driver. This testimony is enough to support the jury's conclusion that Defendant Joseph possessed a handgun, at least for long enough to throw it from a car window. Defendant Joseph argues that it is just as likely that the driver could have thrown the handgun out the passenger side window without any erratic driving. This defendant was free to make this argument to the jury. However, by finding him guilty, the jury necessarily disagreed with this hypothesis. On appeal, we must afford the State all reasonable inferences that may be drawn from the evidence, and the jury was certainly free to make the reasonable assumption that a gun thrown from the passenger side of a moving car was thrown by the passenger rather than the driver.

*Facilitation:*

As previously stated, Tennessee Code Annotated section 39-11-403 provides that "[a] person is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under section 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony." With respect to the underlying crime, Tennessee law states that it is "unlawful for any person, knowing that an investigation or official proceeding is pending or in progress, to . . . [a]lter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation of official proceeding . . ." T.C.A. § 39-16-503(a)(1) (2008). Defendant Joseph raises several arguments with respect to the sufficiency of the evidence to support his conviction for facilitation, none of which has merit.

Defendant Joseph's first argument is that the State failed to establish that any evidence was concealed or destroyed in this case. With respect to the "missing" second bag that was thrown from the vehicle and the substance that thereafter appeared on the pursuing patrol car, Defendant Joseph urges that Officer Thomas could "provide nothing more than guesswork about what hit his windshield." Moreover, Defendant Joseph points out that Officer Ragan stated in his testimony that he remembered the radio alert referencing only a single bag being

thrown from the Navigator prior to conducting his search. Neither of these facts undermines Defendant Joseph's conviction.

The evidence tampering statute does not require the State to prove with any degree of certainty the nature of the "thing" that has been destroyed by the defendant. Instead, the State must show only that the defendant, aware of an imminent police investigation, chose to "[a]lter, destroy, or conceal" something with the intent to deprive the police of its use as evidence in that investigation. It does not matter for purposes of the statute whether the substance at issue was an illegal narcotic, a legal chemical precursor to such a narcotic, the ashes of burned currency or counterfeit currency, or, for that matter, mere flour or baking soda. From the testimony presented at trial, a jury could determine that one of the defendants destroyed whatever it was to keep it out of the hands of police after becoming aware of a pending investigation, and the stature requires no more.

With respect to the alleged discrepancies between the officers' testimony, to the extent there was any conflict, the jury was free to credit Officer Thomas's statement that there were two bags thrown from the moving vehicle over Officer Ragan's statement that he only heard over the radio about a single bag being discarded. As a reviewing court, we must resolve all testimonial discrepancies in favor of the interpretation most favorable to the State. Moreover, Officer Ragan's statement that he only remembered a report of a single bag being discarded does not render the existence of a second bag "mere conjecture," as Defendant Joseph urges. Rather, it may simply be a reflection of the fact that the two officers' memories of the event differ or that, in the heat of a moment of hot pursuit, Officer Thomas first radioed when he witnessed the tossing of a single bag and was too engaged in his driving to update the score when a second bag was tossed.

Next, Defendant Joseph argues, as he does with respect to the other objects in the car, that there was no evidence that *he was aware* that this additional bag of contraband (later destroyed) was in the car. We disagree. From the evidence, the jury was free to conclude not only that Defendant Joseph was aware that there were drugs in the car but, indeed, that he threw them from the moving vehicle or assisted Defendant Harvell in committing that same act by handing him the bags to throw, ripping a hole in one of the bags so that the drugs would come free when the bag was thrown.

*Defendant's Sentence to Confinement:*

Next, Defendant Joseph urges that the trial court erred in denying him an alternative sentence. Specifically, he contends that his eight year sentence of confinement was "unwarranted and unnecessary" and that the trial court should have sentenced him instead to a period of confinement followed by probation. This court's review of the sentence

imposed by the trial court is *de novo,* with a presumption of correctness conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. *See* T.C.A. § 40-35-401(d); *State v. Pettus*, 986 S.W.2d 540, 543 (Tenn. 1999). The burden is upon the appealing party to show that the sentence is improper. *See* T.C.A. § 40-35-401(d), Sentencing Comm'n Comments.

In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210(b), to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in [sections] 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Hooper*, 29 S.W.3d 1, 5 (Tenn. 2000). Here, the trial court ordered Defendant Joseph to serve eight years in confinement in the Department of Correction. Because the trial court found him to be a persistent offender, his release eligibility date is forty-five percent of that sentence.

After reviewing the transcript and record, we have concluded that the trial court properly considered the principles of sentencing, the evidence at trial and the sentencing hearing, the presentence report, arguments of counsel, the nature and characteristics of the defendant's conduct, the enhancement and mitigating factors, and the statements of the defendant when it declined to afford Defendant Joseph an alternative sentence. Consequently, even if we agreed with the defendant that his sentence was totally unwarranted and unnecessary and that a lesser sentence would better serve the interests of justice, we would, nonetheless, be compelled to deny his claim. *See Hooper*, 29 S.W.3d at 5. However, in this case, Defendant Joseph's five prior felonies and forty prior misdemeanor convictions could well support a denial of alternative sentencing, even under *de novo* review. The presentence report reflects that the defendant has been sentenced to probation "at least five or six times" in the past and that he has "violated [that] probation just innumerable times." Consequently, although Defendant Joseph was potentially eligible for probation based on the length of his sentence, he has failed to carry his burden of showing that the trial court abused

its discretion when it denied him alternative sentencing.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE