IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 2, 2026

**BOBBY V. SUMMERS v. JOHNNY FITZ, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
No. 7376     A. Blake Neill, Judge

_____

**No. W2025-00886-CCA-R3-HC**

_____

The Petitioner, Bobby V. Summers, acting pro se, appeals from the summary dismissal of his petition for writ of habeas corpus. The Petitioner's handwritten brief is largely incoherent and difficult to decipher; however, we understand him to present four primary arguments: (1) that facilitation of first degree murder is not a valid offense; (2) that his conviction is void because no principal offender was prosecuted or convicted; (3) that the indictment or charging instrument was defective and therefore void; and (4) that his guilty plea was involuntary because counsel "tricked," "duped," or "coerced" him. The habeas corpus court summarily dismissed the petition, finding it procedurally defective and raising no cognizable claim. After careful review, we affirm.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Bobby V. Summers (on appeal), Henning, Tennessee, Pro Se; David Collins (at trial), Nashville, Tennessee, for the appellant, Bobby V. Summers.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Jeffrey Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was indicted for first degree premeditated murder, first degree felony murder, especially aggravated robbery, and tampering with evidence. Summers v. State, No. M2023-00103-CCA-R3-PC, 2024 WL 111292 (Tenn. Crim. App. Jan. 10, 2024),

perm. app. denied (Tenn. June 20, 2024). Pursuant to a negotiated plea agreement, the Petitioner entered a guilty plea to facilitation of first degree premeditated murder in exchange for an out-of-range sentence of twenty years with sixty percent release eligibility pursuant to State v. Hicks, 945 S.W.2d 706 (Tenn. 1997). Id. The State also agreed to dismiss the remaining counts in the indictment. The guilty plea transcript included in the habeas record reflects a full plea colloquy, during which the Petitioner affirmed his understanding of the charges, the plea agreement, and his rights. The Petitioner also agreed to the following facts in support of the guilty plea:

> [H]ad this matter gone to trial State's proof would have shown that on December 26 of 2017, James O'Brien and the [Petitioner], arranged to meet the victim Jimmy Kleinert to conduct a drug transaction. At the time of the meeting Mr. Kleinert was accompanied by Steph Johnny Walters (phonetic). Ms. Walters stated that Mr. Kleinert got into a minivan around five o'clock p.m. to complete the drug transaction. She also stated that Mr. Kleinert had between $4,000 and $7,000 cash on him. During the drug transaction Mr. Kleinert was robbed and shot while he was in the minivan. Mr. Kleinert was found the next morning deceased on the side of Bear Hollow Road with a single gunshot wound and the $4,000 to $7,000 cash was not on his person. The investigation revealed that [the Petitioner] owned a 2000 Plymouth Voyager, blue in color and it was determined to be the vehicle that Mr. Kleinert was robbed and shot in. When [the Petitioner] was initially questioned about the whereabouts of his van he told the detective that he had sold the van just weeks before to a friend named Mark. It was later determined that [the Petitioner] had burned the van on December 28, 2017 at a friend's residence located in Clay County, Tennessee. This was just two days after the robbery and shooting of Mr. Kleinert.
>
> There were also text messages that were found between [the Petitioner] and his wife Casey Summers where [the Petitioner] stated that on 12-28-17 that he had messed up big time, that he had to burn the van. He further stated that he now had $6,800 immediately following the robbery of Mr. Kleinert. There was also cell phone information on pinging towers on the time of the murder, 12-26-2017 putting [the Petitioner] in the area of the robbery and the homicide. This occurred here in Davidson County, Your Honor, and based on those facts it's the State's recommendation that you accept the previous announced disposition.

The judgment of conviction was entered on August 21, 2019. No direct appeal was taken. Beginning in November 2022, the Petitioner repeatedly and unsuccessfully attempted to collaterally attack his guilty plea. On November 28, 2022, the Petitioner filed

- 2 -

a pro se petition for post-conviction relief in which he claimed that he received ineffective assistance of counsel and that his conviction was based on an "unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea." Summers, 2024 WL 111292, at *1. The Petitioner also claimed that his conviction was illegal and void because he could not be convicted of facilitation "without the prior conviction of the principal offender." Id. at *2. This Court affirmed the post-conviction court's summary dismissal of the petition as time-barred. Id. at *3.

In July 2024, this Court affirmed the summary dismissal of the Petitioner's fourth motion to correct an illegal sentence pursuant to Rule of Criminal Procedure 36.1. State v. Summers, No. M2023-01589-CCA-R3-CD, 2024 WL 3250958 at *2 (Tenn. Crim. App. July 1, 2024) (rejecting the Petitioner's claim that he was illegally convicted of facilitation under Tennessee Code Annotated section 39-11-403 because no other person was indicted for the murder and no one aided or abetted him); see also State v. Summers, No. M2025-00284-CCA-R3-CD, 2025 WL 1695086, at *2 (Tenn. Crim. App. June 17, 2025) (memorandum opinion observing that the Petitioner had filed two additional Rule 36.1 motions and affirming denial of the same based on State v. Summers, No. M2024-00881-CCA-R3-CD, 2024 WL 5088715 (Tenn. Crim. App. Dec. 12, 2024) and the law of the case doctrine). In June of 2025, this Court affirmed the summary dismissal of the Petitioner's petition for writ of error coram nobis as untimely. Summers v. State, No. M2024-01451-CCA-R3-ECN, 2025 WL 1587029, at *1 (Tenn. Crim. App. June 5, 2025) (explaining that discovery of Mr. O'Brien's death is not evidence of actual innocence because "[i]t is no defense to prosecution for facilitation of an offense that the 'person for whose conduct the defendant is criminally responsible . . . has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense, or different type or class of offense, or is immune from prosecution'").

In May of 2025, the Petitioner filed the present petition for habeas corpus relief. The petition is six pages and is in boilerplate question and answer format designed for a petitioner to complete. Question six asks whether the legality of the petitioner's restraint has or has not been adjudicated in a prior proceeding. This question is unanswered by the Petitioner. Question seven asks whether there has been a previous application for writ of habeas corpus filed, and, if so, for the petitioner to attach a copy of the petition and or the order of the court disposing of the same. The Petitioner wrote "2nd"; however, he did not attach his previous petition or an order from the court. The petition also contained two and a half pages of the Petitioner's handwritten grounds in support of relief. As grounds for relief, the Petitioner asserted as follows,

> I loaned my van to an acquaintance back in December 2017 to James Brett Lee O'Brien. The State assumed that O'Brien met this man in my van and robbed and killed him. My van get burned and the State assumed it happened

in my van. O'Brien was picked up by Detectives in January 2018 and questioned for hours and then they released him. And after he was released he died the very next day . . . . So James Brett O'Brien was the main suspect in the murder of James Kleinert, his cell phone and him knowing the victim. So, after O'Brien died the State of Tennessee focused on me because they assumed it happened in my van. So, 3 days before we were to pick jury my counsel tricked, duped, and coerced me to plead to facilitation to first degree murder, which I opposed but he convinced and duped me to plead to facilitation. I asked him what facilitation meant he said I'll explain it to you later, let's just get this plea out of the way so the State won't give me a 51 yr life sentence if I go to trial. So saying all of that I took the plea to a facilitation also called aiding and abetting to a murder that was never proved by the trier of fact or fact finder. The main suspect James Brett Lee O'Brien had been dead for 19 months when the State of Tennessee stood in court and called out his name as a codefendant and he was never indicted in this case. So if he did kill this man James Kleinert he took it to the grave on 1-27-2018 when he died. The State of Tennessee has not once proved or said who killed this person. They just tricked me to plead to facilitation formerly called accessory to murder that wasn't proved.

The crime that my counsel and the court allowed me to plead to doesn't exist. How can I facilitated or aid and abet or be an accessory to a murder that was never proved by the fact finder. It's impossible to do so. United States v. Martinez 921 F.3d 452, 2019 says so. It states the government must prove that someone committed the underlying substantive offense or otherwise there was no crime to have abetted. [Illegible] statute of lesser included offenses states that what used to be accessories are now facilitators. Facilitation is a lesser included offense for criminal responsibility for the conduct of another. How is that possible in my case when there is no other indicted or charged to have codefendants, accessories, facilitators, aiders, abettors there must be more than 1 person indicted. There is only 1 person indicted in this case and that's myself. . . . This crime doesn't exist and the United States Supreme Court and the 6th District says so. . . .

As exhibits to the petition, the Petitioner attached a copy of the guilty plea transcript, his judgment of conviction for first degree murder, various excerpts from purported case authority, and a report of investigation by the county medical examiner concerning the death of James Brett Lee O'Brien.

In May 2025, the habeas court entered a written order denying relief. The habeas court stated, in relevant part, as follows:

- 4 -

[The] Petitioner sought habeas corpus relief on the grounds that he entered a plea of guilty to facilitation of first-degree murder but since no one was ever prosecuted or convicted for the actual murder, then his sentence for facilitation is void. But it is not a defense to a charge of facilitation that "the person for whose conduct the defendant is criminally responsible . . . has not been prosecuted or convicted [or] has been convicted of a different offense or different type or class of offense." Tenn. Code Ann. § 39-11-407(2); see State v. Harvell, 415 S.W.3d 853, 859 (Tenn. Crim. App. 2010). Furthermore, Petitioner made this same argument in his prior post[-]conviction proceeding, which was denied, and "it is a fundamental principle of law that the remedy of habeas corpus may not be used to resurrect and relitigate matters which have been raised and determined in a prior suit . . . for post-conviction relief." Yates v. State, No. E2014-00163-CCA-R3-HC, 2014 WL 7422179, at *3 (Tenn. Crim. App. Dec. 30, 2014); see Summers v. State, No. M2023-00103-CCA-R3-PC, 2024 WL 111292, at *2 (Tenn. Crim. App. Jan. 10, 2024) (denying Petitioner's post-conviction petition and rejecting Petitioner's argument "that his conviction is illegal and void because he cannot be convicted of facilitation 'without the prior conviction of the principal offender'"). As a result, Petitioner's Petition must be dismissed.

It is from this order that the Petitioner now timely appeals.

## ANALYSIS

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101-130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus

petition challenges void and not merely voidable judgments. <u>Summers</u>, 212 S.W.3d at 255 (citing <u>Potts v. State</u>, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." <u>Taylor</u>, 995 S.W.2d at 83 (citing <u>Dykes v. Compton</u>, 978 S.W.2d 528, 529 (Tenn. 1998); <u>Archer</u>, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." <u>Summers</u>, 212 S.W.3d at 256 (citing <u>Dykes</u>, 978 S.W.2d at 529; <u>Archer</u>, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." <u>State v. Ritchie</u>, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. <u>State v. Warren</u>, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing <u>Ussery v. Avery</u>, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. <u>See</u> <u>Hickman v. State</u>, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. <u>Summers</u>, 212 S.W.3d at 261; <u>Hickman</u>, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." <u>Summers</u>, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. <u>Summers</u>, 212 S.W.3d at 259. Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b). Furthermore, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Id. § 29-21-105; see Davis v. State, 261 S.W.3d 16, 20-21 (Tenn. Crim. App. 2008) ("[I]f a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient."). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

Here, the State correctly points out that the Petitioner did not fulfill the procedural requirement in Tennessee Code Annotated section 29-21-107(b)(3) because the Petitioner left unanswered the question of whether the legality of the restraint had or had not already been adjudged upon a prior proceeding of the same character. In addition, the Petitioner did not fulfill the procedural requirement in Tennessee Code Annotated section 29-21-107(b)(4) because, although he marked "2nd" on his habeas petition, he failed to attach to his petition a copy of the prior petition or provide a satisfactory reason for noncompliance. Accordingly, the petition was procedurally defective, and the habeas corpus court could have dismissed the petition based on these grounds alone. See Tenn. Code Ann. § 29-21-107(b)(3), (4); Summers, 212 S.W.3d at 260.

Notwithstanding the Petitioner's failure to follow the aforementioned procedural requirements, we will address each of the Petitioner's three distinct but related issues: (1) that facilitation of first degree murder is not a valid offense; (2) that his conviction is void because no principal offender was prosecuted or convicted; and (3) that the indictment or charging instrument was defective and therefore void. The Petitioner also asserts that his guilty plea was involuntary because counsel "tricked," "duped," or "coerced" him.

First, facilitation is expressly codified at Tennessee Code Annotated section 39-11-403, which applies to any felony, including first degree murder. Tenn. Code Ann. § 39-11-403(a) ("[a] person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes

- 7 -

substantial assistance in the commission of the felony"). In 1989, the legislature abolished the common law requirement that a principal be convicted before a party may be held accountable. Tenn. Code Ann. § 39-11-407(1)-(2); see also State v. Harvell, 415 S.W.3d 853, 859 (Tenn. Crim. App. 2010) (acknowledging that common law practice forbade the conviction of aiders, abettors, and accessories absent the conviction of the principal but recognizing that the Tennessee legislature had specifically altered this practice by Tenn. Code Ann. § 39-11-407). Tennessee Code Annotated Section 39-11-407 directly addresses whether a principal offender must be convicted to sustain a facilitation conviction. The statute provides that "[i]n a prosecution in which a person's criminal responsibility is based upon the conduct of another, the person may be convicted on proof of commission of the offense and that the person was a party to or facilitated its commission, and it is no defense that: . . . . [t]he person for whose conduct the defendant is criminally responsible has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or different type or class of offense, or is immune from prosecution[.]" As this Court has repeatedly explained in the Petitioner's previous cases, this provision explicitly eliminates the principal offender's conviction as a prerequisite to convicting a facilitator. Accordingly, the Petitioner's assertion is legally incorrect, and the judgment is not void.

In his second and third claims, the Petitioner argues a variation of his recurring theme that the indictment was defective because the charged offense "didn't exist" or lacked an essential element—the prosecution of a principal offender. As discussed above, the offense does exist, and Tennessee law does not require prosecution of the principal before a facilitator may be convicted. A defective indictment may render a judgment void only if the indictment fails to charge any offense recognized by law. Here, the indictment charged facilitation of first-degree murder, a valid statutory offense. Moreover, this issue has been previously litigated and denied in the Petitioner's prior cases. Because the judgment is not void, the Petitioner is not entitled to habeas relief.

Finally, the Petitioner asserts that counsel "tricked," "duped," or "coerced" him into entering his guilty plea. However, claims challenging the voluntariness of a guilty plea are not cognizable on habeas review. Archer v. State, 851 S.W.2d 157, 163-164 (Tenn. 1993). Moreover, the guilty plea transcript shows a complete colloquy and the Petitioner's repeated affirmations that he understood the plea and entered it voluntarily. The Petitioner is not entitled to relief.

## CONCLUSION

The Petitioner has not established that the trial court's judgment is void. The petition herein was procedurally defective under Tenn. Code Ann. section 29-21-107 and failed to state a cognizable claim for habeas corpus relief. Furthermore, each of the

substantive arguments raised are without legal merit. Accordingly, the judgment of the habeas corpus court is affirmed.


s/ **_Camille R. McMullen_**

CAMILLE R. MCMULLEN, JUDGE