IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

FILED

March 7, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| Appellee, | ) | No. E1999-00551-CCA-R3-CD |
| | ) | |
| | ) | Hawkins County |
| v. | ) | |
| | ) | Honorable James E. Beckner, Judge |
| | ) | |
| BRIAN R. WATERS, | ) | (Driving under the influence of an intoxicant, third offense) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Greg W. Eichelman
District Public Defender
1609 College Park Drive
Box 11
Dandridge, TN 37725-0416
        and
R. Russell Mattocks
Assistant Public Defender
203 Washington Street, Suite H
Rogersville, TN 37857

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
Clinton J. Morgan
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243

C. Berkeley Bell, Jr.
District Attorney General
109 South Main Street, Suite 501
Greeneville, TN 37743
        and
John Douglas Godbee
Assistant District Attorney General
100 East Main Street, Suite 201
Rogersville, TN 37857

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

        The defendant, Brian R. Waters, appeals as of right from his conviction

following a jury trial in the Hawkins County Criminal Court for driving under the influence

of an intoxicant (DUI), third offense, a Class A misdemeanor.[1] The defendant was sentenced to eleven months, twenty-nine days of confinement in the county jail, to be served at seventy-five percent. He was fined two thousand nine hundred ten dollars. The defendant contends that (1) the evidence is insufficient to support his convictions, and (2) the trial court erred by sentencing him to more than the statutory minimum amount of confinement. We affirm the judgment of conviction.

Travis Chappell, a patrolman with the Church Hill Police Department, testified that on February 10, 1999, he was using his radar to check for speeding on North Central Avenue. He said his radar detected the defendant driving at forty-five miles per hour in a thirty-mile-per-hour zone. He said he pulled behind the defendant's car and noticed that the car was weaving, moving from one side of the shoulder to across the middle lines three or four times. He said he activated his blue lights and stopped the defendant.

Officer Chappell testified that two other men were in the car with the defendant. He said he noticed an odor of alcohol when the defendant rolled down his window. Officer Chappell said he asked the defendant for his license, but the defendant said he did not have it. He said that the defendant's eyes were bloodshot and glassy and that the defendant was slow to respond to his questions. He stated that he asked the defendant to step outside the car and that the defendant was unsteady and had to lean on the car to stand. He said that when he asked the defendant if he had been drinking, the defendant replied that he had consumed six or seven beers.

Officer Chappell testified that he asked the defendant to perform a variety of field sobriety tests. He said he asked the defendant to touch his finger to his nose, but he missed and touched his lips. He said he asked the defendant to raise one foot off the ground, but he could not do it and fell into the car. He said that although the defendant had previously denied having any medical problems, the defendant then said that medical problems prevented him from performing the balancing test. Officer Chappell said the defendant could not count to four on his fingers and could not follow

---

[1]The defendant was also convicted of driving on a revoked license, second offense, but he does not challenge this conviction on appeal.

his instructions to recite the alphabet beginning with "D" and ending with "N." Officer Chappell said he determined that the defendant was under the influence and arrested him. He said that at the jail, the defendant refused to consent to a breathalyzer or blood alcohol test.

Reggie Evans testified that at the time of the offense, he was a reserve officer with the Church Hill Police Department. He testified that he was riding with Officer Chappell when he stopped the defendant. He said the defendant staggered, smelled of alcohol, slurred his speech and had red eyes.

Geraldine Snow, the defendant's mother, testified that the defendant was with her until 7:00 p.m. on the day of the incident. She said that although the defendant did not consume alcohol in her presence, she did not know what he did after he left.

Ben Lovin, a friend of the defendant, testified that he and the defendant drank two to three beers at his house on the night of the incident. He said they went to Tina Cole's house around 7:00 p.m. and drank another beer. He testified that his chest began hurting and that he took a nitroglycerin pill. He explained that he has congestive heart failure, kidney problems and hepatitis, requiring him to take nitroglycerin and demerol. He testified that his chest continued to hurt and that he decided to go home. He said that he was driving, and the defendant and another friend, James Webb, were passengers. He said he drove about one-half mile but was too sick to continue driving. He said the defendant put him in the passenger's seat and began to drive. He said the defendant was driving to the defendant's mother's house when he was stopped. Mr. Lovin said the defendant consumed a few beers but was not intoxicated. He admitted that his memory was poor because he had been in a coma for ten days between the incident and the trial.

Tina Cole, the defendant's cousin, testified that when the defendant, Mr. Lovin, and Mr. Webb came to her house, Mr. Lovin was very sick. She said that Mr. Lovin took some pills and that the men left after thirty or forty-five minutes. She said the defendant was not drunk.

3

The defendant testified that he had the flu for a few days before the offense and that he had taken Nyquil earlier that day. He said his stepfather drove him to Mr. Lovin's house where he drank two beers. He said that they went to Ms. Cole's house and that he drank one-half of a beer. He said Mr. Lovin began to have chest pains and took nitroglycerin pills. He said Mr. Lovin then stated that he needed to go home to get his oxygen. He said that when they left, Mr. Lovin was driving but that he was in poor condition. He said that Mr. Lovin had to stop the car and that he had to drive. The defendant said that he was driving to his mother's house in order for her to take Mr. Lovin to the hospital and that he was stopped by the police three hundred feet from the house.

The defendant testified that he told Officer Chappell that he could not stand on one foot or walk a straight line because he had worn leg braces. He said he performed well on the field sobriety tests. He said he told Officer Chappell that he had consumed two and one-half beers, not seven. He said he refused to take the breathalyzer test because he had been taking topical medication for his teeth and had taken Nyquil earlier that day. He said he agreed to take a blood alcohol test but was told that a blood test was not an option. He agreed that he had signed a health sheet at the jail in which he agreed that he was not taking any medication. He testified that he believed "medication" meant heart or blood pressure medication. Upon the foregoing evidence, the jury convicted the defendant of DUI.

## I. SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient to support his conviction for DUI. He acknowledges that he was driving after consuming alcohol on the night of the offense but argues that the state did not prove beyond a reasonable doubt that he was intoxicated. The state contends that the evidence is sufficient.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that

4

the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

> Tennessee's DUI statute provides, in pertinent part, as follows:
>
> It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys . . . while:
> (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system[.]

The defendant concedes that he was driving. In the light most favorable to the state, the evidence shows that the defendant drank six or seven beers, smelled of alcohol, had difficulty walking and keeping balance, had bloodshot and glassy eyes, and could not successfully complete the field sobriety tests. The state proved beyond a reasonable doubt that the defendant was intoxicated.

## II. SENTENCING

The defendant contends that the trial court erred by sentencing him to confinement above the statutory minimum of one hundred twenty days, arguing that the trial court erred by applying two enhancement factors and by failing to consider two mitigating factors. The state contends that the record supports the trial court's determination that the defendant should serve seventy-five percent of his eleven month, twenty-nine-day sentence in confinement.

Appellate review of misdemeanor sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. §§ 40-35-401(d), -402(d). As the Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401(d) note, the burden is now on the appealing party to show that the sentence is improper. In misdemeanor sentencing, the court must consider the purposes and principles of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-302(d); see State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). In DUI cases, Tenn. Code Ann. § 55-10-403(c) essentially mandates a maximum sentence for DUI, "with the only function of the trial court being to determine what

period above the minimum period of incarceration established by statute, if any, is to be suspended." State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996).

In sentencing the defendant to serve seventy-five percent of an eleven month, twenty-nine-day sentence, the trial court considered the defendant's previous history of criminal convictions or behavior. Tenn. Code Ann. § 40-35-114(1). The defendant contends that the trial court erroneously considered charges listed in the presentence report that did not result in convictions. However, the defendant concedes that aside from his DUI convictions, the presentence report reflects convictions for driving on an expired license and reckless driving in 1989, domestic violence in 1990, assault and destroying city property in 1991, and public intoxication and disorderly conduct in 1993. Although the defendant argues that these convictions are for minor misdemeanor offenses, the application of this factor is not limited to previous felony convictions. See State v. Millbrooks, 819 S.W.2d 441, 446-47 (Tenn. Crim. App. 1991). The trial court properly considered this enhancement factor.

The trial court also considered the defendant's "previous unwillingness to comply with the conditions of a sentence involving release in the community." Tenn. Code Ann. § 40-35-114(8). The defendant argues that because the record is "sparse" in this regard, the trial court erroneously considered factor (8). The record reflects that the defendant was on probation for a 1990 domestic violence conviction when he was charged with and convicted of assault and driving under the influence in 1991. It further reflects that he was on probation for 1991 convictions for destroying city property, disorderly conduct and resisting arrest, when he was charged with and convicted of DUI, second offense, in 1992. In addition, the defendant was on probation for the 1992 DUI conviction when he was charged with and convicted of public intoxication and disorderly conduct. Finally, while on probation for those charges, the defendant was charged with and convicted of driving on a revoked license and violation of the registration law in 1993. Although the defendant claims that this court cannot rely upon the accuracy of the presentence report because it contains other errors, he makes no showing that the disposition dates listed for the foregoing convictions are inaccurate. The record supports the trial court's application of factor (8).

6

The defendant contends that the trial court erred by failing to apply the following mitigating factors, as listed in Tenn. Code Ann. § 40-35-113:

> (3) Substantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense; [and]

> (12) The defendant acted under duress or under the domination of another person, even though the duress or the domination of another person is not sufficient to constitute a defense to the crime[.]

The defendant argues that these factors apply because of the circumstances under which the offense was committed, i.e., Mr. Lovin becoming too ill to drive, requiring the defendant to drive. We believe that the trial court properly declined to apply these mitigating factors. The defendant's circumstances were of his own making in that he chose to accompany his two friends who had been drinking and chose to drink himself, knowing that someone would have to drive home. Our review of the record further shows that the trial court properly considered the sentencing principles provided in Tenn. Code Ann. § 40-35-103. See Troutman, 879 S.W.2d at 272 ("Society demands protection from those who habitually drink and drive in complete disregard for the welfare of others and for the laws of this state.").

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
James Curwood Witt, Jr., Judge

_____
Norma McGee Ogle, Judge

7