IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT  KNOXVILLE

DECEMBER 1994 SESSION

FILED

September 9, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,

      Appellee

   vs.

KERRY A. COMBS,

      Appellant

No. 03C01-9409-CR-00314

GREENE COUNTY

Hon. James E. Beckner, Judge

(DUI)

FOR THE APPELLANT:

Joyce M. Ward
Assistant Public Defender
Third Judicial District
1609 College Park Drive
Box 11
Morristown, TN 37813-1618
(AT TRIAL & OF COUNSEL ON
APPEAL)

Thomas T. Woodall
203 Murrell Street
P.O. Box 1075
Dickson, TN 37056-1075
(ON APPEAL)

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Cyril V. Fraser
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Berkeley Bell
District Attorney General

Cecil C. Mills
Asst Dist. Attorney General
113 West Church Street
Greeneville,TN. 37743

OPINION FILED: _____


**CONVICTION AFFIRMED, REMANDED FOR RESENTENCING**

Robert E. Burch
Special Judge

## OPINION

The appellant was convicted by a jury of the criminal offense of driving a motor vehicle while intoxicated (third offense) and driving without a license. On the DUI, the trial court sentenced the appellant to eleven months, twenty-nine days in the county jail; set his release eligibility at fifty percent; fined him one thousand ten dollars and denied alternative sentencing. The sentence for driving without a license was thirty days in the county jail and a fine of forty dollars. Both sentences were ordered served concurrently.

Appellant presents three issues for review by this court:

1). The sufficiency of the evidence;

2). Whether a sua sponte comment by the trial court improperly prejudiced appellant's right to a fair trial; and

3). The propriety of the sentence.

## FACTS

In the early morning hours of November 28, 1993, appellant received a telephone call from a friend who was at a local bar. The friend stated that he had consumed too much alcohol to drive safely and requested appellant to pick him up and take him home.

Appellant did so and was in the process of taking his friend home when an officer of the Greeneville Police Department noticed appellant make an unusually wide turn at an intersection. The officer followed appellant and, at the proper time, activated his blue lights. Appellant passed several appropriate places to stop his vehicle but finally stopped after traveling about three or four tenths of a mile.

When stopped and questioned, appellant admitted that he did not have a driver's license. The officer noticed the smell of an intoxicating beverage emanating from the vehicle and requested appellant to get out of the car and talk to him outside. This was done and the officer smelled the odor of an intoxicant on

2

appellant's breath.  Upon inquiry, appellant told the officer that he had consumed three beers.  Thereupon, the officer administered a battery of three field sobriety tests.  In the opinion of the officer, appellant passed one test (heel-to-toe); barely failed one (horizontal gaze and nystagmus) and failed one outright (one-leg stand).  No other evidence of intoxication was introduced.

Appellant refused a breath alcohol test, demanding instead a blood test.  It was during the testimony concerning the blood test request that the trial judge sua sponte made the remark that appellant was not entitled to a blood test.

Appellant introduced considerable evidence contrary to the facts set out above. For example, he insisted that he had consumed no alcohol at all and had performed the field sobriety tests satisfactorily, with any poor performance being readily explained by the inclement weather and the poor condition of the roadway upon which the tests were administered.  His testimony concerning his alcohol consumption (or lack thereof) was corroborated by his passenger and by his live-in girlfriend.

### Sufficiency of Proof

A guilty verdict from the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State. State v. Hatchett 560 S.W.2d 627 (Tenn. 1978). In reviewing the sufficiency of the proof, we must accept the State's version of the facts and discount the appellant's version.

Where the sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  State v. Williams 657 S.W.2d 405 (Tenn. 1983).

On appeal the State is entitled to the strongest legitimate

view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage 571 S.W.2d 832 (Tenn. 1978). A verdict against a defendant removes the presumption of innocence and raises a presumption of guilt on appeal, which the appellant has the burden of overcoming. State v Grace 493 S.W.2d 474 (Tenn. 1973).

At the trial, the State offered evidence which, if believed, would establish that appellant:

     1). Was driving erratically;

     2). Had the odor of an alcoholic beverage about his person;

     3). Admitted drinking three beers; and

     4). Performed unsatisfactorily on two of three field sobriety tests.

Appellant offered evidence which, if believed, would have established that all four of the above points were untrue and that he had had nothing at all to drink that night.

The resolution of this factual dispute was a classic jury question. The jury resolved the issue in favor of the State. We do not reweigh or re-evaluate the evidence. State v Cabbage, supra. The jury obviously found the officer's version to be credible and rejected appellant's version. We will not disturb that finding. Appellant has not convinced us that a rational trier of fact could not have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979). The issue is without merit.

## Judicial Comment

At the beginning of cross-examination of the arresting officer, appellant's able counsel attempted to elicit the fact that, although appellant had refused a breath alcohol test, he did request a blood test to determine the level of alcohol in his

4

blood.  The trial judge interjected that appellant was not entitled to such a test.  No contemporaneous objection was made by appellant.

Since appellant had refused the breath alcohol test offered to him, he had no right to a blood test. State v Choate 667 S.W. 2d 111 (Tenn. Crim. App. 1983).  The trial judge's statement was correct.

The trial court has the discretion to sua sponte limit testimony that is irrelevant. State v James Frederick Helton (unreported) Court of Criminal Appeals at Knoxville #03C01-9406-CR-00220 filed November 22, 1995.  This action by the trial judge did not indicate any opinion for or against the appellant, it simply was an attempt to redirect the focus of the questioning. The comment was not error. State v Harris 839 S.W.2d 54 (Tenn. 1992).

**Sentencing**

Misdemeanor sentencing is controlled by T.C.A. §40-35-302, which provides in part that the trial court shall impose a sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. In determining the correct sentence, the trial court should examine the case in the light of the nature and character of the offense. State v. Gilboy 857 S.W.2d 884(Tenn. Crim. App. 1993). Among the factors applicable to the Defendant's application for probation are the circumstances of the offense, his criminal record, social history and present condition, and the deterrent effect upon and best interest of the Defendant and the public. State v. Gennoe 851 S.W.2d 833(Tenn. Crim. App. 1992).

Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. The trial court retains the authority to place the Defendant on probation either immediately or after a time of

5

periodic or continuous confinement. T.C.A. § 40-35-302(e).
Because especially mitigated or standard offenders convicted of
Class C, D, or E felonies are presumed to be favorable candidates
for alternative sentencing, the same presumption would logically
apply to misdemeanors. Gennoe 851 S.W.2d at 837; see T.C.A. §
40-35-102(6). However, the misdemeanant, unlike the felon, is not
entitled to the presumption of a minimum sentence. State v.
Creasy 885 S.W.2d 829(Tenn. Crim. App.1994). Additionally, the
burden of establishing suitability for probation rests with the
Defendant. T.C.A. § 40-35-303(b).

We review the trial court's sentence de novo with a general
presumption of correctness if the record demonstrates that the
trial court properly considered relevant sentencing principles.
State v Ashby 823 S.W.2d 166 (Tenn.1991); T.C.A.§40-35-401(d).

In setting the sentence at the maximum for the offense, we
do not find that the trial judge departed from the requirements
of Ashby. This is especially true since T.C.A.§55-10-403(c), in
effect, mandates a maximum sentence for DUI, with the only
function of the trial court being to determine what period above
the minimum period of incarceration established by statute, if
any, is to be suspended.

In determining whether alternatives to incarceration were
appropriate, we are of the opinion that the trial judge erred.

The trial court refused to suspend any portion of
appellant's sentence based upon three factors, which the trial
judge stated on the record:

1). Appellant's prior history of alcohol abuse evinced
by his two prior convictions for DUI;

2). General deterrence of those in Greene County
inclined to violate this law; and

3). The circumstances of the offense, to wit: the
reckless driving of the appellant.

None of these factors would support the denial of a

6

suspended sentence.

The first factor is, in reality, the fact that appellant has two prior DUI convictions. Nothing more than the fact of the convictions was entered into the record to establish his prior history of alcohol abuse. There is nothing in the record from which the trial court could have found that appellant ever consumed alcohol in his entire life prior to this incident on trial except upon those two occasions, once in 1986 and once in January of 1991. Counting the present case, appellant has had three DUIs in seven years. While this is an obvious repeated and serious violation of the law, it hardly establishes an alcohol problem which could be used to incarcerate appellant for more than the statutory minimum. This is particularly true when these same facts are used to establish an element of the offense for which appellant was convicted (third offense DUI). The General Assembly has established a mandatory minimum period of incarceration for just these facts and, no other facts appearing, increasing that period would encroach upon the legislative prerogative.

Before a trial court may deny probation on the ground of deterrence, there must be some evidence in the record that the sentence imposed will have a deterrent effect within the jurisdiction. State v Horne 612 S.W.2d 186 (Tenn. Crim. App. 1980). In addition, the Tennessee Criminal Sentencing Reform Act of 1989 requires that any sentence imposed by a court must be based on evidence contained in the record of the trial and sentencing hearing or the presentence report. T.C.A. §40-35-210(d). A finding that appellant's sentence will have a deterrent effect cannot be merely conclusory only but must be supported by proof. State v. Smith 735 S.W.2d 859 (Tenn. Crim. App. 1987).

The record is devoid of any proof of deterrence. The reliance upon this factor was error.

7

Lastly, the trial court relied upon the circumstances of the offense to deny probation.

The trial court may, of course, deny probation based upon the circumstances of the offense. State v Hartley 818 S.W.2d 374 (Tenn. Crim. App 1991). In order to do so based solely upon that factor, however, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree and the nature of the offense must outweigh all factors favoring probation. supra.

The facts in the record do not support such a finding.

It follows, then, that the trial court erred in denying appellant suspension of some portion of his sentence.

If there were no factors in the record which would support incarceration above the minimum established by the statute, we would modify the sentence to grant probation after service of said period. The record, however, does contain factors which the trial judge may chose to consider in determining whether to require a longer period of incarceration, e.g. the untruthfulness of the appellant in denying that he had consumed alcohol. This being the case, it is the trial court, not an appellate court, which should make that determination.

The judgment of conviction and length of sentence is affirmed and the case is remanded to the trial court to determine the amount of appellant's sentence which should be served on probation.

                                       _____
                                       Robert E. Burch,
                                       Special Judge

**CONCUR:**

_____
Gary R. Wade, Judge

_____
 Joseph M. Tipton, Judge