**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**MARCH SESSION, 1999**

FILED

May 4, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9710-CC-00464** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **MONTGOMERY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOHN H. GASAWAY III,** |
| **STEVE A. BAGGETT,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Misdemeanor Sentencing) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF MONTGOMERY COUNTY

FOR THE APPELLANT:

PETER M. OLSON
114 Franklin Street
Clarksville, TN 37040

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

JOHN CARNEY
District Attorney General

WILLIAM CLOUD
Assistant District Attorney General
204 Franklin Street, Suite 200
Clarksville, TN 37040

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Steve A. Baggett, appeals his sentence of ten days incarceration followed by six months probation for reckless driving, a class B misdemeanor. Defendant entered a plea of guilty to one count of reckless driving, with the length and manner of service of the sentence left to the discretion of the trial court. At that time, the State dismissed one count of DUI and one count of refusal to submit to alcohol testing. Following a sentencing hearing, the trial court sentenced Defendant to ten days incarceration and six months of probation. From this order, Defendant timely appeals.[1]

Defendant first contends that the trial court erred by failing to require and consider a presentence report. Presentence reports are not mandatory for misdemeanor sentencing. Tenn. Code Ann. § 40-35-205(a) ("Upon acceptance of a guilty plea . . . the court shall, in the case of a felony, and may, in the case of a misdemeanor, direct the presentence service officer to make a presentence investigation and report . . . ."). At the sentencing hearing, Defendant was afforded "the opportunity to be heard and present evidence relevant to the sentencing" in accordance with Tennessee Code Annotated § 40-35-209(b). This issue lacks merit.

---

[1] At the time appellate briefs were submitted, the sentencing hearing in this case had not yet been transcribed. Defendant moved this Court for the right to supplement his brief following access to the transcript, and he expressed his intention to raise additional issues. This Court granted Defendant's motion and informed him upon receipt of the sentencing hearing transcript. The Court received no supplementation by Defendant.

Defendant next argues (1) that he is entitled to the presumptive minimum sentence allowed by law; and (2) that because the offense of reckless driving has no minimum sentence prescribed by the legislature, the trial court should have permitted his entire sentence to be served on probation, with no incarceration. We disagree, and we affirm the sentence ordered by the trial court.

Defendant, a misdemeanant, is not entitled to the presumptive minimum sentence. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995); State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995); State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, the trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. Furthermore, our supreme court recently stated in State v. Troutman, 979 S.W.2d 271 (Tenn. 1998), that the trial court's findings on the issue of incarceration need not appear in the record:

> [W]hile the better practice is to make findings on the record when fixing a percentage of a defendant's sentence to be served in incarceration, a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute.

Id. at 274.

Our review of the sentencing hearing transcript reveals that Defendant was previously convicted of possession of cocaine for resale. No relevant mitigation was offered by Defendant.[2] The prior felony drug conviction supports a sentence which includes incarceration. Therefore, we find no reversible error in the sentence mandated by the trial court.

Defendant's sentence of ten days incarceration followed by six months probation for the offense of reckless driving is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[2] Defendant offered two witnesses who testified (1) that they did not believe Defendant was intoxicated at the time of the offense, and (2) that they considered his actions of reckless driving to be justified due to passion.